Decided 12 December, 1904.

## RUCKMAN *v.* UNION RAILWAY CO.

[78 Pac. 748; —— L. R. A. ——.]

RES JUDICATA — EXAMPLE OF ESTOPPEL.*

1. A judgment or decree rendered upon the merits is a bar to a subsequent proceeding between the same parties upon the same claim as to every matter that was or might have been litigated therein; but where the subsequent proceeding is upon a different claim, the prior adjudication is at bar as to only the matters actually litigated.

This is an instance of estoppel as to matters that might have been determined: A street railway company commenced a suit against a bank to compel the cancellation of certain of the company's bonds held by the bank as collateral, on the ground that they were never issued for value. Issue being joined, the suit was tried on the merits and a decree rendered against the company. At the time the suit was commenced the company might have pleaded payment theretofore made and estoppel by the conduct of the bank's officers, but did not plead or present either of these causes of suit. Afterward the bonds were sold by the bank, and the purchaser sued the company to enforce payment and foreclose the lien of the mortgage securing the bonds. To this suit the company answered by pleas of former payment and of estoppel by the conduct of the former owner of the bonds. *Held,* that the prior adjudication between the bank and the company was a bar to any further claim of either payment or estoppel, as both might have been pleaded by the company in its suit for cancellation.

2. Where a street railroad brought suit against a bank to compel cancellation of certain of the street railroad bonds held by the bank as collateral, a decree in the bank's favor is no bar to a suit by a purchaser of the bonds from the bank, at a sale of the collateral, to enforce payment of the bonds, and to foreclose the mortgage given for their security.

From Union: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by George W. Ruckman against the Union Railway Company and the Union Street & Suburban Railway Company. In January, 1893, the Union Railway Company issued and delivered to J. W. Shelton twenty bonds, of the par value of $1,000 each, secured by mortgage on its property. Shelton sold four of the bonds, and they came into the hands of F. L. Richmond and W. T. Wright. Wright and Richmond borrowed $1,500 of the First National Bank of Union on their promissory note, and deposited the four bonds as collateral security therefor,

*NOTE.— In 44 Am. St. Rep. 562, is a long note on Proof of Res Judicata, and see collection of annotated cases in 93 Am. St. Rep. 742.     REPORTER.

under an agreement that in case the note was not paid at maturity the bank might, at its option as to time and manner, and without notice to the pledgors, sell the bonds at public or private sale to pay the amount due on the note, together with accruing interest and costs. Default was made in payment of the note, and the bank elected and undertook to foreclose its lien upon the bonds in the manner provided in the agreement, whereupon the defendant, the Union Street Railway Company, which had purchased the mortgaged property after the bonds had been transferred to the bank, brought a suit in equity to compel the bank to surrender up such bonds for cancellation, on the ground that they were issued in trust to Shelton, in order that he might negotiate them to intending purchasers for the use and benefit of the company, and had been delivered to the bank by Shelton for safekeeping until so sold and disposed of; that no sale had been made, and therefore, in equity, they belonged to the plaintiff, as the purchaser of the property covered by the mortgage given to secure the payment thereof. Issue was joined, and the suit tried and determined on the merits, resulting in a decree in favor of the defendants : *Union St. Ry. Co.* v. *First Nat. Bank*, 42 Or. 606 (72 Pac. 586, 73 Pac. 341). The bank thereafter foreclosed its lien upon the bonds, and sold them to the present plaintiff, who brings this suit to enforce the mortgage given by the railway company to secure the payment thereof. For a defense to the present suit, the defendants allege, in brief, (1) that the bonds were paid in full to the bank out of the money paid by the promoters of the Union Street Railway Company for the mortgaged property; and (2) that W. T. Wright, the president of the bank, was present at and participated in the negotiations for the purchase, and knew that such promoters understood and believed at the time that such purchase would be free of all liens

and incumbrances, notwithstanding which he failed and neglected to disclose to them the lien of the bank on the four bonds in suit, but permitted them to pay over the money and take a conveyance of the property in ignorance thereof, and therefore the bank and its successor with knowledge should now be estopped from asserting that such bonds are a lien upon the property. The plaintiff pleaded the decree in the former suit as a bar, and averred that all the matters and things now alleged as a defense to the present suit were known to the defendants at the time the former suit was commenced, and should have been alleged therein as a ground of recovery. The court below held the former decree not a bar or estoppel, found the facts in favor of the defendants, and dismissed plaintiff's complaint.                    REVERSED.

For appellant there was a brief over the names of *C. E. Cochran* and *Crawford & Crawford*, with an oral argument by *Mr. Cochran* and *Mr. Thomas H. Crawford*.

For respondent there was a brief and an oral argument by *Mr. Leroy Lomax* and *Mr. Charles H. Finn*.

MR. JUSTICE BEAN delivered the opinion.

Upon the record, we have substantially this state of facts: A party commenced a suit against another to compel the surrendering up for cancellation of negotiable instruments on the ground that they were never issued for value. Issue was joined, the suit tried on the merits, and a decree rendered in favor of the defendant. At the time the suit was commenced, the plaintiff therein had two other grounds upon which he might have recovered, neither of which, however, he set up or alleged in the complaint. Thereafter, when the defendant in the former suit, or the party who had succeeded to his interest with knowledge, brought an action to enforce the payment of the instruments, and to foreclose the lien given as security

therefor, the defendant therein and the plaintiff in the former suit pleads as a defense the two matters which he might have relied upon for relief in his first suit. The question for decision is whether he is estopped by the former decree against him from pleading such defenses.

1. It is settled law in this State, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense (*Neil* v. *Tolman*, 12 Or. 289, 7 Pac. 103; *Morrill* v. *Morrill*, 20 Or. 96, 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95; *Belle* v. *Brown*, 37 Or. 588, 61 Pac. 1024; *White* v. *Ladd*, 41 Or. 324, 68 Pac. 739, 93 Am. St. Rep. 732), but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel as against matters actually litigated or questions directly in issue in the former action : *Barrett* v. *Failing*, 8 Or. 152; *Applegate* v. *Dowell*, 15 Or. 513 (16 Pac. 651); *La Follett* v. *Mitchell*, 42 Or. 465 (69 Pac. 916, 95 Am. St. Rep. 780); *Caseday* v. *Lindstrom*, 44 Or. 309 (75 Pac. 222); *Gentry* v. *Pacific Livestock Co.* 45 Or. 233 (77 Pac. 115). This distinction should always be kept in mind in considering the effect of a former judgment or decree. If the second action or defense is upon the same claim or demand, the former judgment is a bar not only as to matters actually determined, but such as could have been litigated ; but, if it is upon another claim or demand, the former judgment is not a bar, except as to questions actually determined or directly in issue. This case comes within the principle first stated. It is a suit between the same parties and upon the same claim or

demand as the former suit. The claim or demand in the first suit brought by the defendant Union Street Railway against the bank was the validity of the bonds, and the right of the bank to enforce them as against it. This is the same identical question presented, and the only one for adjudication, in the present suit. It was determined in the former suit, and the decree therein is a bar to further litigation thereof between the same parties, although the plaintiff therein did not allege or urge all the reasons entitling it to relief as demanded. The law requires a party to try his whole suit or action at one time, and he cannot separate his claim or divide his grounds of recovery or defense.

The application of this principle is illustrated by two federal cases. In *Patterson* v. *Wold* (C. C.), 33 Fed. 791, the plaintiff, a receiver of an insolvent estate, brought a suit to set aside a deed from the insolvent to his son, and a mortgage given by the son to certain creditors of the insolvent; alleging the deed to be without consideration, and the mortgage a fraudulent preference. Judgment was rendered for the defendants. Thereafter the plaintiff brought another suit to avoid the same deed, alleging that the son was a creditor of the father to the amount of $1,200, and that the land was conveyed to him in payment of this debt, and was a fraudulent preference under the statute, and therefore void. The court (Mr. Justice Brewer presiding) held that the first judgment was a bar to the second, although the grounds of recovery were different. After quoting Mr. Pomeroy's analysis of the elements which constitute "a cause of action" (Pomeroy, Rem. & Rights, § 519), he says: "Now, what is the plaintiff's primary right, as alleged in these cases? Obviously, in each the same—the right to have the land; and the defendant's corresponding primary duty is to let him have the land; and the defendant's delict or wrongful act is the

failure to let him have the land. These exist in each case, and in each case alike. It is true, the basis of complainant's primary right is, as alleged, different in one case from that in the other; but this is mere difference, in the language of the supreme court, in 'the ground of recovery.' The mere fact that different testimony would be necessary to sustain the different allegations in the two bills does not of itself necessarily make two distinct causes of action. Take this illustration: Suppose a party bring suit to recover possession of real estate, and alleges in his complaint that he is the owner by virtue of a patent from the government. After a judgment against him, would he be permitted to maintain a second action, alleging that he was the owner by virtue of certain tax proceedings or by virtue of a judicial sale? Yet different testimony would be required to sustain his allegations in the two actions. In both of such actions plaintiff's primary right — that of possession based on ownership — would be the same, the only difference being in the ground of recovery. All the grounds of recovery, all the bases of plaintiff's title, must be present in the first action, or they are lost to him forever, exactly the same as when a party sued upon a note, and having several defenses, pleads only one — the balance are as though they never existed. The party who has his day in court must make his entire showing. He cannot support a claim or defense in different actions on different grounds."

The recent case of *United States* v. *California Land Co.* 192 U. S. 355 (24 Sup. Ct. 266), was a suit by the government for the purpose of having a certain patent of land declared void on the ground that the land was in Klamath Indian Reservation, and therefore not within the provisions of the grant to the company. One plea of the land company was that the plaintiff had filed an earlier bill against it to avoid the same patent, that it had pleaded

matter showing the patent to be valid, and that it was an innocent purchaser, and that a final decree on the merits had been rendered in its favor. The circuit court held the plea to be bad, but upon an appeal the supreme court reversed the case, holding that the former decree was a bar, although the grounds of recovery were essentially different, and it was urged that the plaintiff was suing in a different capacity from that in which it brought the first suit. The court, by Mr. Justice Holmes, said: "On the general principle of our law, it is tolerably plain that the decree in the suit, under the foregoing statute, would be a bar. The parties, the subject-matter, and the relief sought all were the same. * * Here the plaintiff is the same person that brought the former bill, whatever the difference of the interests intended to be asserted. The best that can be said, apart from the act just quoted, to distinguish the two suits, is that now the United States puts forward a new ground for its prayer. Formerly it sought to avoid the patents by way of forfeiture. Now it seeks the same conclusion by a different means; that is to say, by evidence that the lands originally were excepted from the grant. But in this as in the former suit it seeks to establish its own title to the fee. It may be the law in Scotland that a judgment is not a bar to a second attempt to reach the same result by a different *medium concludendi*. * * But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim. * * and *a fortiori* he cannot divide the grounds of recovery. Unless the statute of 1889 put the former suit upon a peculiar footing, the United States was bound then to bring forward all the grounds it had for declaring the patents void, and, when the bill was dismissed, was barred as to all by the decree." These two cases and the

principles applied are decisive of the present suit. The claim or demand of the defendant Union Street Railway Company in the suit brought by it was that the bank had no interest in the bonds, and they should be surrendered up for cancellation. The reasons why this should be done were not the cause of action or primary subject of inquiry. There may have been many reasons why the bonds should have been surrendered up and canceled, and why the bank could not enforce them as against the property of the railway company; but, if the plaintiff in that suit was content to rely upon only one of such reasons as a ground for recovery, the others are lost to it as completely as if they never existed.

2. The position that the decree in the former suit is a bar to the right of the plaintiff to foreclose the mortgage given to secure the payment of the bonds is untenable, because that matter was not germane to or connected with the cause of action or suit, and did not in any way affect the merits of the controversy then before the court for determination. The bank was not the owner of the bonds, but held them as collateral security for the debt of persons not parties to the suit. It was bound by the terms of the contract between it and the pledgors, and no decree of foreclosure could have been made in the former suit, because the proper parties were not before the court: *Union St. Ry. Co.* v. *First Nat. Bank*, 42 Or. 606 (72 Pac. 586, 73 Pac. 341).

The decree of the court below will therefore be reversed, and one entered here as prayed for in the complaint.

Reversed.