Decided 12 January, 1907.

### HEILNER *v.* SMITH.

88 Pac. 299.

JUDGMENT—RES JUDICATA.

1. A material issue litigated and necessarily decided by the judgment rendered is forever settled between the parties and those in privity with them, and cannot again be litigated.

SAME—CASE UNDER CONSIDERATION.

2. Where S sued H in trover for conversion, and H denied the conversion, and alleged that he bought the chattel of S, and that it was then agreed that moneys due him from S should be applied on the purchase price, but H did not plead as a counterclaim or set-off the items of money due from S or demand any relief on account thereof, the verdict therein for S merely determined that there was no purchase, so that the question of money due H was not a material issue in the cause, and was,

therefore, not determined by the judgment and the verdict does not estop H from suing for such items.

APPEAL—OBJECTION NOT MADE BELOW—DEFAULT THROUGH OVERSIGHT OF COURT—WAIVER BY NOT OBJECTING.

3. A default judgment ought not to be entered against a party who has presented an issue on any material point in the case, but if such an order is entered, counsel must within a reasonable time call the error to the attention of the trial court, otherwise it will be considered waived—it is not an error that can be first presented on appeal.

From Baker: SAMUEL WHITE, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by S. A. Heilner, doing business as Heilner Commercial & Commission Company, against John P. Smith and another, doing business as partners under the firm name of John P. Smith & Son, to recover $286.78 for goods, wares and merchandise sold and delivered, cash advanced, and money loaned by plaintiff to the defendants between the 9th day of June, 1904, and the 27th day of June, 1905. The complaint is in the usual form.

The defendants answered, denying all the material allegations of the complaint and for a further and separate defense and by way of estoppel and former adjudication averred, in substance, that on August 31, 1905, the defendants commenced an action of trover against the plaintiff to recover damages for the wrongful conversion by him of 14,652 pounds of wool, alleged to be of the reasonable value of $2,930.40; that in such action the plaintiff herein and defendant therein answered, denying the conversion as charged, and for an affirmative defense pleaded that on January 12, 1905, he contracted for the purchase of the wool in question from the defendants herein and plaintiffs therein for $15\frac{1}{2}$ cents per pound, such wool to be delivered when sheared; that at the time of such contract he advanced $25 on the purchase price of the wool, and it was understood and agreed, as a part of the contract, that the sum of $180.98, then due him from the defendants herein for goods, wares and merchandise, and any further sum which they might owe at the time of the delivery of the wool should be deemed a part of such purchase price and so applied; that the wool

was delivered on July 1, 1905, and the defendants herein were then indebted to plaintiff in addition to the amounts above mentioned in the sum of $76.25 on account and $20.05 for money paid for hauling the wool; that on July 1 he tendered to the plaintiffs in such action the purchase price of the wool, less the amounts above stated, but they refused to accept the same; that a reply was filed to such answer, denying all the material allegations thereof, and thereafter the cause was regularly tried by the court and a jury upon the issues joined by the pleadings and the jury found a verdict in favor of the plaintiffs therein and assessed their damages at the sum of $2,344.32, and judgment was rendered accordingly; that the account for goods, wares and merchandise, money advanced and loaned, as stated in the answer filed in the action referred to, were and are the same items mentioned in the complaint in the present action and upon which it is founded.

A demurrer to this separate answer or plea of former adjudication was sustained by the court below on the 5th day of January, 1906, and the defendants allowed until the following day to amend. No further proceedings, however, were had in such action until June 12, 1906, when it came on for trial pursuant to notice, whereupon the defendants' counsel asked permission of the court to file an amended answer, which being denied because the proposed answer was substantially the same as the original, they declined to plead further, and, on motion of the plaintiff's counsel, judgment was rendered in his favor as prayed for in the complaint. From this judgment the defendants appeal, assigning as error the sustaining of the demurrer to the separate answer and the entering of judgment against them without disposing of the issues made by their general denials.

AFFIRMED.

For appellant there was a brief over the names of *Morton D. Clifford* and *Lomax & Anderson,* with oral arguments by *Mr. Clifford* and *Mr. Leroy Lomax.*

For respondent there was a brief over the name of *Hart & Smith,* with an oral argument by *Mr. Julius Newton Hart.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. It is contended that the matters constituting the cause of action in the present case were all tried and determined in the action of trover brought by Smith against Heilner, and that the judgment therein is a bar to this action. The rule is undisputed that, where an issue has been once litigated and determined in a court of competent jurisdiction, a judgment rendered thereon forever bars and estops the parties or their privies from again litigating the same matter: *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442) ; *Hall* v. *Zeller,* 17 Or. 381 (21 Pac. 192) ; *Ruckman* v. *Union Ry. Co.* 45 Or. 578 (78 Pac. 748 : 69 L. R. A. 480). But, to render a judgment available as a bar to a second action against the same parties upon a different claim or demand, it is essential that the issue in the second action was a material issue in the first and necessarily determined by the judgment therein: 1 Van Fleet, Former Adj. § 277; 1 Freeman, Judgments (4 ed.), § 256.

2. The defendants' liability to the plaintiff on the account alleged in the complaint was not tried or determined in the former action. That was an action of trover, brought by the defendants against the plaintiff to recover for the wrongful conversion of personal property. The plaintiff denied the conversion, and, as a further and separate defense, pleaded that he had contracted for the purchase of the property in controversy, and that the several items making up the account now in suit were to be deemed and considered as payments on such contract. The jury found against the plaintiff and in favor of the defendants, and so determined that there was no contract of purchase as alleged by the plaintiff, but that he was guilty of a wrongful conversion of the property and assessed his damages accordingly. Upon this verdict, judgment was rendered in favor of the defendants. The items going to make up the payments on an alleged contract which the jury found did not exist became, therefore, immaterial to any question in the cause necessary for a decision and were not adjudicated or determined by the judgment. They were not pleaded as a counterclaim or set-off to the

49 OR.— 2

action of trover, nor was any relief demanded on account thereof, and there is no presumption that the jury deducted the amount of such items from the damages so assessed against the plaintiff. These items were simply set up and referred to in the answer as a part of the terms of the alleged contract of purchase, and, when that contract was found not to exist, they ceased to be of importance in the case. The question to be decided was whether Heilner wrongfully converted the property to his own use as defendants alleged or received possession thereof under a contract of purchase as he averred, and the determination of that question in favor of the defendants ended the case. The demurrer to the plea of estoppel was, therefore, properly sustained.

3. The remaining question is one of practice. It is common learning that a judgment cannot be rendered against a party without his consent while he has a pleading on file and undisposed of tendering an issue: 6 Enc. Pl. & Pr. 82; *Crafts* v. *Clark,* 31 Iowa, 77. But when a party stands by and permits a court, under a mistake as to the condition of the pleadings, to render a judgment against him, he cannot avail himself of such error on appeal: *Hopkins* v. *Donaho,* 4 Tex. 336. At the time the judgment was rendered defendants' counsel were present in court, and, so far as the record discloses, made no objection whatever to such judgment. They did not call the attention of the court at that, or any subsequent, time to the fact that the original answer contained a general denial of the allegations of the complaint, and therefore cannot insist in this court for the first time that the court erred in disregarding such answer.

AFFIRMED.