Argued February 10, decided February 17, 1914.

## COLGAN v. FARMERS' & MECHANICS' BANK.

(138 Pac. 1070.)

**Mortgages—Absolute Deed as Mortgage—Defeasance.**

1. A deed absolute in form, but accompanied by a written contract requiring the grantee to sell and account for the proceeds in excess of the debt due such grantee, and giving the grantor the right to redeem on payment of the debt, is in effect a mortgage.

> [As to absolute deeds with agreement to reconvey, see notes in 17 Am. Dec. 300; Ann. Cas. 1914C, 1079.]

**Mortgages—Rights of Parties—Sale of Premises.**

2. Where a contract required a grantee to sell the premises, and pay the proceeds in excess of the grantor's debt to the grantor, and gave the grantor the right to redeem, the conveyance of the lands by the grantee in exchange for other lands was a breach of the contract, and entitled the grantor to recover the difference between the value of the land and the amount of the debt.

**Judgment—Merger and Bar—Identity of Subject Matter.**

3. Where plaintiff conveyed certain land to defendant to secure a debt, with an agreement for redemption or for a sale by the grantee, and an application of the proceeds to the debt and payment of any balance to the grantor, and the grantee wrongfully sold the land, a judgment, in an action by the grantor for the difference between the amount of his debt, to secure which he had conveyed the property, and the reasonable value of the land, was a bar to a second suit between the parties for an accounting for such difference, together with the rents and profits while the grantee held possession of the land.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by George H. Colgan against the Farmers' & Mechanics' Bank, a corporation. The facts are set forth in the opinion of the court.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent there was a brief over the names of *Mr. John H. McNary* and *Mr. Charles L. McNary,* with an oral argument by *Mr. John H. McNary.*

Department 1.    MR. JUSTICE RAMSEY delivered the opinion of the court.

This is a suit in equity for an accounting and for other purposes.

On January 27, 1909, the plaintiff was indebted to the defendant and another person in the aggregate sum of $2,669.40. At the same time the plaintiff owned in fee about 50 acres of land, which is described in the complaint.

On said 27th day of January, 1909, the plaintiff and the defendant entered into a contract, reciting that the plaintiff was indebted to Z. T. Bogard and the defendant in the aggregate sum of $2,669.40, and that, in consideration of the conveyance to the defendant by the plaintiff, of said tract of land, the defendant had assumed and paid said indebtedness. The defendant agreed, by said contract, that it would sell said real premises "at their best figure" as soon as a purchaser could be found for them, and that it would not sell, or cause to be sold, said property for less than its market value, and that the plaintiff should have the benefit of whatever could be realized for said land in excess of said sum of $2,669.40, and interest thereon at the rate of 8 per cent per annum up to the time of such sale. It was further agreed, by said contract, that the plaintiff should have a right to redeem said real premises from the defendant at any time before the defendant should sell the same, upon the payment to defendant of the sum of $2,669.40, and interest thereon from the

date of said contract to the time of such redemption, at the rate of 8 per cent per annum. It was further agreed, by said contract, that, if the plaintiff should secure a purchaser for said premises, who should be able, ready and willing to buy said premises, the defendant would convey said premises to such purchaser, and accept, in full of its claim upon said premises, said sum of $2,669.40, and interest on said sum at the rate of 8 per cent per annum from the date of said contract, and pay to the plaintiff the overplus, if any, received from said sale. Said contract provided, also, that, in case the defendant should sell said land, it should inform the plaintiff of the true amount received for the same.

The plaintiff conveyed said tract of land to the defendant in accordance with the terms of said contract, and the defendant received said conveyance and said land under and in accordance with the terms of said contract, and for the purposes stated therein; said deed, however, being in form an ordinary deed of conveyance, and it did not refer to said contract, or contain any defeasance clause.

The defendant entered into possession of said real premises on January 27, 1909, and retained possession thereof until February 18, 1909, a period of 22 days, and on said day, in violation of said contract, it sold said real premises to Alvia L. Young and Sarah A. Young for other property, and on March 12, 1910, the last-named vendee sold it to R. J. Kinney.

Said Alvia L. Young, and Sarah A. Young, and R. J. Kinney, at the time that they respectively purchased said premises, had no notice or knowledge that the plaintiff had or claimed any right or interest in said premises, and they were purchasers thereof in good faith, and for a valuable consideration.

It is admitted that the conveyance of said premises to the defendant was in fact a mortgage to secure the payment of said sum of $2,669.40, and interest thereon.

The plaintiff, in May, 1909, procured a purchaser for said real premises in the person of James Stewart, who was able, willing, and ready to buy said premises, and to pay therefor the sum of $4,000. The plaintiff notified the defendant that he had procured said purchaser, and that the latter would pay $4,000 for said land. The defendant had previously conveyed said premises to a purchaser in good faith, and for a valuable consideration, as stated *supra,* and was unable to convey said premises to said James Stewart, and he refused to do so.

Soon thereafter the plaintiff commenced an action at law against the defendant in the Circuit Court of Marion County for damages, and later, to wit, on the 17th day of June, 1909, by leave of said Circuit Court, he filed in said court his amended complaint in said action, and, by said amended complaint, the plaintiff pleaded said contract above referred to and the execution of the deed of conveyance referred to, as security for said debt of $2,669.40, his production of James Stewart, as an intended purchaser of said property for the sum of $4,000, and his demand upon the defendant that the latter convey to said Stewart said premises for $4,000, and pay him, in accordance with the terms of said contract, the overplus remaining after deducting from said $4,000 said sum of $2,669.40, and interest, which the plaintiff then owed him as aforesaid; said overplus amounting to $1,265.34. Among other things the plaintiff alleged the following in said amended complaint:

"That the said defendant at said time [when the plaintiff demanded that he convey said premises to said Stewart], in violation of the terms of said con-

tract, refused to accept said sum of $2,669.40, together with interest thereon at 8 per cent per annum from January 27, 1909, and refused and still refuses to convey said lands unto plaintiff or said purchaser, and at said time notified said plaintiff that defendant had traded and conveyed away said premises to one Young for other lands, thereby causing the plaintiff to lose said sale, and lose the difference between $4,000 and $2,734.66, the entire claim of defendant, principal and interest amounting to the sum of $2,734.66, the overplus over defendant's entire claim, to plaintiff's damage in the sum of $1,265.34.''

The said amended complaint demanded judgment against the defendant for said sum of $1,265.34, and interest, etc.

The defendant in said action filed an answer, denying nearly all of the amended complaint, and set up some new matter which was put in issue by a reply.

Said action was tried in the Circuit Court of Marion County, and a verdict and a judgment were rendered therein in favor of the plaintiff and against the defendant for said sum of $1,265.34 at the July term of said Circuit Court for 1909. The defendant appealed from said judgment to this court, and this court, on the 21st day of March, 1911, affirmed said judgment. Shortly thereafter the defendant paid to the plaintiff said judgment, and the plaintiff satisfied it of record.

On April 29, 1912, the plaintiff commenced this suit in equity by filing his complaint, setting up the execution of said written contract and the execution of said deed of conveyance of said premises to the defendant as security for said indebtedness of $2,669.40, and interest, and made a copy of said contract a part of his complaint. Said complaint alleges, also, that the defendant, in violation of said written contract, conveyed said real premises to Alvia L. Young and Sarah A. Young on February 18, 1909, in exchange for other

lands, as stated *supra,* and that said conveyance cut off all right to redeem said premises from the defendant, to the plaintiff's great injury and loss.    The complaint alleges, also, that the defendant entered into the possession of said premises on January 27, 1909, and received the rents and profits thereof, and that the rents and profits of said premises are of the reasonable value of $500 per annum, and that the plaintiff is entitled to an accounting with the defendant for the value of the said real property, and for rents, issues and profits, less the reasonable, proper and legitimate expenditures on said property, and the defendant's said debt of $2,669.40, and interest thereon at 8 per cent per annum from January 27, 1909, until the 18th day of February, 1909, the date when the defendant, in violation of said written contract, conveyed away said premises.    The complaint alleges, also, frequent demands upon the defendant for an accounting, etc.

The complaint prays for a decree that said conveyance from the plaintiff to the defendant, dated January 27, 1909, was given for the purpose of securing to the defendant the payment of said $2,669.40, and interest, and that the conveyance of said premises by the defendant to the Youngs was made in violation of said written contract, that the court decree that the plaintiff is entitled to the value of said real premises, and the rents and profits thereof, less the said indebtedness of $2,669.40 to the defendant, and interest, as stated *supra,* and for a decree requiring the defendant to account to the plaintiff for the full value of said premises, and the rents and profits, less said debt, etc.

The defendant, by its answer, among other things, pleaded, in bar of the plaintiff's right to recover anything in this suit, the recovery by the plaintiff, in said action at law, of said judgment for said sum of

$1,265.34, and the payment thereof to the plaintiff by the defendant. Said answer pleaded said judgment as an estoppel also.

A demurrer to said answer was overruled, and the plaintiff filed a reply, putting in issue the allegations of the answer.

The plaintiff took some evidence to sustain the allegations of the complaint, and the judgment-roll in said action at law was put in evidence to prove the allegations of the answer. The court below made findings, and gave a decree for the defendant for costs and disbursements.

The only question for decision is whether said judgment of the Circuit Court of Marion County in favor of the plaintiff for said sum of $1,265.34, rendered in said action at law, as stated *supra,* is a bar to the plaintiff's right of recover in this suit. .

1. The deed of conveyance, made by the plaintiff to the defendant on January 27, 1909, was executed to secure to the defendant the payment of said sum of $2,669.40, and interest, and hence it was in effect a mortgage. Said deed was in form an absolute conveyance; but the written contract, executed at the same time, and as a part of said transaction, shows said deed to have been intended to operate as a mortgage. As the deed was, on its face, an absolute conveyance, the defendant had the power to convey the land to a *bona fide* purchaser, for a valuable consideration, and vest in such purchaser a good indefeasible title in fee. This it did on February 18, 1909, after having had possession of the land for 22 days.

2. The defendant's conveying said land to the Youngs in exchange for other lands was a breach of the written contract, executed at the time that the deed was made, and as soon as the defendant thus conveyed said land for other lands, in violation of said contract,

the plaintiff had a right to recover from him the value of said land, less the $2,669.40, and interest, the amount of said debt, whose payment was secured by the execution of said deed of conveyance.

In *Meehan* v. *Forrester,* 52 N. Y. 281, the facts were similar to the facts in this case, and the court says:

"The sale was shown to have been made without the consent of Meehan, and in violation of his rights, and it does not appear that the plaintiff ever had notice of it. He was not bound by such a sale. He was entitled to his land, on payment of the amount due Bertine or his representatives. If Bertine, by reason of his own wrongful act, had deprived himself of the ability to restore the land to which the plaintiff is equitably entitled, he or his representatives were bound to account to the plaintiff, at his election, either for the proceeds of the sale of the land, or for its value at the time when the plaintiff's right to such reparation was established."

In *Boothe* v. *Fiest,* 80 Tex. 141 (15 S. W. 799), the facts were somewhat as they are in this case, and the syllabus of the court is:

"The owner of land conveyed by deed absolute but in trust to secure a loan from the grantee sued the grantee for the land, or its value in event it could not be recovered, alleging that in fraud of the rights of the plaintiff the defendant had sold the land. It appearing on the trial that the land had passed into the hands of *bona fide* purchasers, held, that the measure of the plaintiff's right to recover was the value of the land at the day of the trial, *less* the debt secured, and interest, or the money realized by the defendant in his sale, with interest, *less* the amount of the debt secured."

As soon as the plaintiff knew of the transfer of the land by the defendant to the Youngs, in fraud of his rights, he had the right to recover from the defendant the value of the land, less the amount of the debt secured by the land, or the proceeds received by the

defendant for the land, *less* the amount of the debt secured, at his election.

The defendant sold the land on February 18, 1909, and in May, 1909, the plaintiff found a purchaser for the land, who was willing to pay $4,000 for it, and he demanded of the defendant that it convey said land to said purchaser for $4,000, and pay to the plaintiff said money, less the amount of the debt secured by the land. The defendant refused to make said conveyance, and notified the plaintiff that it had previously conveyed said lands to the Youngs, as stated *supra.*

3. Soon thereafter the plaintiff commenced said action to recover from the defendant, as damages, said sum of $1,265.34. This sum was the amount offered by said Stewart for said premises, *less* said indebtedness of $2,669.40, and accrued interest thereon, which the plaintiff owed the defendant. He obtained judgment for said sum of $1,265.34, and the defendant paid said judgment.

When the plaintiff produced said proposed purchaser, who offered $4,000 for said premises, and demanded that the defendant convey to said purchaser said premises for said sum, and pay the plaintiff the residue of said $4,000 remaining after deducting therefrom what the plaintiff owed the defendant, as stated *supra,* if the defendant had then held said premises, and had conveyed them to said proposed purchaser, and had paid to the plaintiff all of said $4,000 remaining after deducting therefrom the amount that the plaintiff owed the defendant, the plaintiff would thereby have received from the defendant all that he was entitled to obtain from him under said contract, and that would have been a complete adjustment of all matters growing out of the conveyance of said premises by the plaintiff to the defendant, and of said written contract.

By wrongfully conveying said premises to the Youngs, the defendant.incapacitated itself to convey said premises to said proposed purchaser, and hence refused to make the demanded conveyance. This resulted in the plaintiff's commencing said action for damages in which the plaintiff recovered from the defendant the difference between what he owed the plaintiff and said sum of $4,000, the amount offered for said premises. The amount for which he obtained judgment added to what he owed the defendant aggregated $4,000, and hence he received that amount for the land, and that is all that he demanded when he asked the defendant to make said conveyance.

In his amended complaint in said action, he alleged that $4,000 was "the reasonable value of said premises." It therefore appears that the plaintiff has received from the defendant *all that said land was worth, and all that he was entitled to receive.*

The rule is settled that a judgment upon the merits is a bar to a subsequent action or suit between the same parties upon the same claim *as to every matter that was or might have been litigated* in the action in which it was obtained: *Ruckman* v. *Union Pac. R. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Belle* v. *Brown,* 37 Or. 588 (61 Pac. 1024); *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155); *Yuen Suey* v. *Fleshman,* 65 Or. 606 (133 Pac. 804).

In *Ruckman* v. *Union Pac. R. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480), the court says:

"It is settled law in this state, as elsewhere, that a judgment or a decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every

other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense.''

In *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732), the court says:

''The potency of a judgment as an estoppel concludes every fact necessary to uphold it, and extends, not only to matters actually determined, but to every other matter which the parties might have litigated and have had decided as incident to and essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to the matters of claim and defense,'' etc.

In the action at law referred to *supra,* the plaintiff sought to recover, and did recover, the reasonable value of said real property, less the amount of the indebtedness that he owed the defendant, and to secure the payment of which he conveyed said land to the defendant, and the judgment recovered by him in said action is a complete bar to the plaintiff's right of suit in this cause.

We find that the plaintiff has no right of suit against the defendant, and we approve the findings and decree of the court below.

The decree of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.