Argued December 13, 1934; affirmed January 8, 1935

## MATTES ET UX. *v.* SMITH ET AL.

(39 P. (2d) 676)

*Johnston Wilson,* of Portland, for appellants.

*Oren R. Richards,* of Portland (Richards & Richards, of Portland, on the brief), for respondents.

BELT, J. This is a suit to have an instrument in form of a deed declared to be a mortgage and to recover damages by reason of an alleged wrongful conveyance of the property by the mortgagees.

Plaintiffs were the owners in fee simple of 18.8 acres of land in the state of Washington, located about seven miles from Vancouver on the Battleground highway. All of the land was cleared excepting about two and one-half acres. Five acres were planted to filberts, the trees being about five or six years old. The land was encumbered by a mortgage of $1,000. We think the property was reasonably worth $3,200, as was found by the trial court.

Plaintiffs assert that on November 30, 1931, they borrowed $400 from the defendants, giving as security a second mortgage on the above-mentioned premises, due 90 days from date thereof. At the time of the execution of the instrument, which on its face purports to be a deed, the plaintiffs also executed a note in favor of defendants for $400. The defendants, as a part of the same transaction, gave plaintiffs a ninety-day option to buy the land for the amount specified in the note. The execution of these various instruments is admitted.

Defendants deny that they loaned the money to plaintiffs, but contend that the property was purchased for $400, less the expense incurred by them in obtaining such money, viz, $25, and the cost of recording the deed. The amount of money which plaintiffs actually received, as evidenced by the check of the defendant Mrs. G. S. Smith, was $373.75. After the option had lapsed, the defendants exchanged the land for a tract in Multnomah county, Oregon, owned by Peter Kuzma and his wife. This was also encumbered by a mortgage of $1,000. Defendants contend that the exchange was made with the knowledge and consent of the plaintiffs and that, by reason thereof, if the transaction be deemed a loan and not a sale, the mortgage lien should apply to the land acquired from the Kuzmas and a foreclosure

be decreed. The plaintiffs deny that they gave their consent or approval to this exchange.

The trial court found that there had been no substitution of securities and that plaintiffs were entitled to recover from defendants the sum of $1,800, being the value of their equity in the Washington property at the time of the exchange, less the amount of their indebtedness. Defendants appeal.

██ Viewing the record in its entirety, we are convinced that the transaction was not a sale. The intention of the parties controls, even though the instrument purporting to be a deed is absolute in its terms. The court looks to the intent, rather than the form, of an instrument: *Blackwell v. Johnson,* 127 Or. 673 (273 P. 332); *Smith v. Headlee,* 93 Or. 257 (183 P. 20); *Elliott v. Bozorth,* 52 Or. 391 (97 P. 632); Wiltsie on Mortgage Foreclosure (4th Ed.) § 7; Jones on Mortgages (8th Ed.) § 309. If a sale was intended, why was the note for $400 executed? Why were plaintiffs required to pay $25 to cover expenses incurred by defendants in order to obtain the money with which to purchase the property? Defendants undertake to explain the note by saying it was given to secure them against any defects in plaintiffs' title as, at the time the deal was closed, plaintiffs had no abstract of title. Defendant Smith is a real estate dealer and trader of experience. The explanation is not convincing. If it was a sale, why was it necessary to obtain the consent or approval of the plaintiffs to exchange this property? The plaintiff Mattes is a fireman in the city of Portland and appears to be quite ignorant about business transactions. Whether he knows the difference in form between a deed and a mortgage is doubtful. At any rate, it is highly improbable that he would sell this property for $400. We concur in the finding of the learned and experienced trial judge, who

saw and heard the witnesses, that there was no intention on the part of the plaintiffs to sell. Neither do we think that the defendant Smith, who was acting as agent for his wife, intended to buy this property.

■ Having determined that the deed absolute in its terms is in fact a mortgage, it follows that the defendant mortgagees had no right to exchange this property without the approval and consent of the mortgagors. The evidence is not convincing that the plaintiffs Mattes agreed that the mortgage lien was to apply to the Kuzma property. If his testimony is to be believed, Mattes did not know about the exchange of property until the defendant Smith told him about it. He then went to Kuzma to learn if the trade had actually occurred. The testimony of the defendants is greatly weakened by their inconsistent contention that they had purchased the property from the plaintiffs.

When property is wrongfully conveyed by a mortgagee who acquired the same under a deed absolute in form but given as security for an indebtedness, the mortgagor has various remedies. See numerous cases in note 46 A. L. R. 1089. In the instant suit plaintiffs followed the measure of damages as declared in *Colgan v. Farmers' and Mechanics' Bank*, 69 Or. 357 (138 P. 1070).

The judgment of the lower court is affirmed.

Rossman, J., not sitting.