Argued and submitted May 6, affirmed October 7, 1980

# MULTISTATE TAX COMMISSION, et al,
## *Respondents,*
### *v.*
# MERCK & CO., INC., et al,
## *Appellant.*
## (OTC 1295, SC 26499)
### 617 P2d 1371

Maurice O. Georges, Portland, argued the cause for appellant. With him on the briefs were Roger P. Jauch, James N. Westwood, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

William D. Dexter, Olympia, Washington, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and James D. Manary, Assistant Attorney General, Salem.

TANZER, J.

### TANZER, J.

Appellant, a multistate corporation, appeals from a judgment and order of the Oregon Tax Court issued upon application of the Oregon Department of Revenue and the Multistate Tax Commission. The order requires appellant to make available to auditors of the Commission designated documents and key personnel for the purpose of its conduct of a joint income tax audit on behalf of several states, including Oregon, participating in the Multistate Tax Compact.

Oregon's adoption of the compact is embodied in ORS 305.655. Article VIII of the compact empowers the Commission to conduct tax audits at the request of member states and to examine documents and compel testimony in connection with audits. Article VIII also provides for enforcement of Commission requests for documents and testimony by the courts of any state on behalf of which the audit is made.

Eleven states, including Oregon, issued written authorizations to the Commission to conduct an audit of appellant for state income tax purposes. Appellant refused to comply with Commission requests for certain documents and testimony, and the Commission successfully petitioned the Oregon Tax Court for enforcement of its requests. Petitioner challenges the authority of Oregon to act pursuant to the compact, and if that fails, challenges various aspects of the order.

### I. Oregon's Participation in the Compact

Appellant contends that Oregon cannot lawfully participate in this Commission audit and therefore the Oregon Tax Court may not enforce the Commission's informational requests, because a conflict exists between Multistate Tax Commission Bylaws, Section 5(e) and ORS 305.655, Article VI, paragraph 1, subparagraph c, regarding the weight to be given votes of member states of the Commission.

ORS 305.655, Article VI, paragraph 1, subparagraph c, enacted by the legislature in 1967,

provides that each member state on the Commission has one vote:

> "Each member shall be entitled to one vote. The Commission shall not act unless a majority of the members are present, and no action shall be binding unless approved by a majority of the total number of members."

Multistate Tax Commission Bylaw, Section 5(e), adopted in 1971, provides that the votes of Commission members are to be weighted by population:

> "To be adopted, all matters voted upon must receive both a majority of the number of member states and a majority of the total population of all member states according to the current United States Statistical Abstract."

The appellant contends this difference in voting provisions negates Oregon's participation in the audit and the Commission's ability to obtain judicial enforcement of its requests in an Oregon court.

## A. Res Judicata

Before reaching the merits, we must consider the Commission's argument that the appellant is precluded from litigating this issue because the judgment in a prior case involving the same parties, *United States Steel Corp. v. Multistate Tax. Comm.,* 417 F Supp 795 (SD NY 1976), *aff'd,* 434 US 452, 98 S Ct 799, 54 L Ed 2d 682 (1978), must be given res judicata effect. That case was a class action on behalf of all multistate taxpayers, including appellant, who were or might be threatened with audit by the Commission. The complaint sought a declaration of the invalidity of the Multistate Tax Compact under the United States Constitution, state constitutions, and "controlling state law." It also sought injunctive relief preventing the Commission from implementing the compact. A three-judge federal district court denied the requested relief in an opinion which addressed the federal constitutional issues but did not mention any state law issues.

We conclude this is an inappropriate case for application of the doctrine of res judicata. The doctrine

of res judicata serves both the interests of the public in conserving judicial resources and in minimizing the possibility of inconsistent decisions and the interests of the parties in being protected from the expense and vexation of multiple lawsuits. In *Slate Construction Co. v. Pacific General Contractors, Inc.,* 226 Or 145, 149-150, 359 P2d 530 (1961) we reiterated the principles of res judicata which carry out these purposes, stated in the earlier cases of *Winters v. Bisaillon,* 153 Or 509, 513, 57 P2d 1095 (1936) and *Ruckman v. Union Pacific Railway,* 45 Or 578, 78 P 748, 69 LRA 480 (1904). We reaffirmed that a final judgment on the merits bars relitigation of the same claim or cause of suit between the same parties in a subsequent proceeding. This bar extends to all matters which the parties might have litigated and had decided as incident to or essentially connected with the former cause as a matter of claim or defense. If, however, the second action is upon a different claim or demand, we reaffirmed that the former judgment is a bar only as to questions which were actually litigated or directly in issue.

■     This proceeding does not involve either the same claim or demand as the former federal suit. The objectives sought by the appellant in each case are different. In the former suit, the appellant sought an injunction preventing the Commission from implementing the compact due to its invalidity under controlling law. Here, the appellant sought at a show cause hearing to avoid the issuance of compulsory process by the Oregon Tax Court due to the asserted invalidity of the authority of the State of Oregon to participate in a Commission audit. Appellant need not have litigated the authority of Oregon to participate in the compact and the related power of the Oregon Tax Court to issue compulsory process in aid of a Commission audit as incident to or essentially connected with its former attempt to enjoin the Commission from implementing the compact. Therefore the former judgment is a bar only as to questions which were actually litigated.

■    The party who is relying on the doctrine of res judicata has the burden of proof on this point. *Holmgren v. Westport Towboat Co.,* 260 Or 445, 490 P2d 739 (1971). The Commission has not shown that the question of the validity of Oregon's participation in Commission audits was actually litigated and decided in the prior federal action. Neither the complaint nor the decision submitted by the Commission as evidence indicate that the issue of the effect of an improperly weighted Commission vote upon Oregon's participation in Commission audits was actually litigated and decided in the prior federal action. Therefore we cannot regard the issue as having been formerly decided.

### B.   The Merits

■    Appellant's argument on the merits begins by observing the different vote-weighting provided by ORS 305.655, Article VI, paragraph 1, subparagraph c, and the Bylaws of the Commission as noted above. Thereafter, its argument is difficult to follow and we synthesize it primarily from appellant's reply brief. Appellant argues that the appointment by the Commission of its Executive Director (he having responsibility for administration of Commission affairs), the election of its officers, and the determination of Commission "directions" and "policies" are all decided by the vote of the Commission. Because those votes did not necessarily conform to ORS 305.655, the Commission may not lawfully act as an agent of Oregon. Because Article VIII, paragraph 4 of the Compact provides:

> " * * * such application may be to a court in the state or subdivision on behalf of which the audit is being made or a court in the state in which the object of the order being sought is situated."

and because the audit cannot be lawfully made "on behalf of" Oregon, the Oregon courts have no authority to provide process for the Commission.

   Assuming for argument that a taxpayer, rather than a member state of the Commission, may

complain that a member's vote was improperly weighted, a taxpayer must at least show that the injury of which it complains was the result, at least in some substantial part, of an invalid vote. Appellant has not done this.

Appellant's challenge is abstract. Appellant has not shown that any decision of the Commission failed to conform to the one-state/one-vote requirement of ORS 305.655. Nor has it shown that any measure to repeal such a decision failed for lack of a one-state/one-vote majority.

Appellant's attempts to lend real effect to its abstract contention fail. It argues that the manner of the audit is controlled by the decision of and personnel appointed by the Exectuive Director who is appointed by a vote of the Commission. The contention fails for several reasons. As we noted, appellant has not shown that the appointment of the Executive Director was made by an incorrectly weighted vote. Second, the audit is lawfully regular or irregular regardless of the identity of the Executive Director and the auditors. Third, the manner of the audit is not left entirely to the discretion of the Commission personnel; it must conform to the legal requirements of the states which request the audit.

The last point may be elaborated by looking to the essential relationship of the states and the Commission under the compact. Essentially, any audit performed by the Commission is nonetheless a state audit. For convenience and economy and to avoid duplication and fragmentation where several states desire an audit of the same multi-state taxpayer, individual states may request that the Multistate Tax Commission perform the audit on each state's behalf, simultaneously with the performance of such duties for other states, and subject to the process of the courts of one of those states on behalf of all. Subject to certain limitations, the Commission must conduct a requested audit. ORS 305.655, Article VIII, paragraph 5.

Here, the multistate audit was commenced because 11 states, including Oregon, requested it, not

because of any vote of the Commission, however weighted. The administration of the audit by the Commission personnel, as it relates to Oregon, is subject to Oregon legislation and administrative rules over the rate of tax, the composition of the tax base, including components of taxable income, methods of determining tax liability and procedures for collecting the tax. It is simultaneously subject to the laws of each of the other participating states as it relates to those states. The Commission auditors are generally governed by the varying specific instructions of the states and by the specific requirements of the various state tax laws which the auditors apply. Thus an audit such as this is essentially an Oregon audit performed under Oregon law by the Oregon Department of Revenue acting for convenience through its agent, the Multistate Tax Commission and simultaneously an audit of each of the other participating states in the same manner. Both the decision to audit and the rules governing the audit are those of the individual states; neither is subject to a vote, however weighted, of the Commission.

■ Decisions made by Commission vote relate to loftier matters than the oversight of individual audits. The Commission is empowered to develop proposals for uniform state tax laws, regulations and tax forms for their administration. Such proposals are advisory, not directory. They have no force in any state until adopted by that state in accordance with its own laws. ORS 305.655, Art VI, Art VII. It is for this reason that appellant has not cited and we have not found any decision concerning an audit such as this which was necessarily or actually the subject of a Commission vote.

## II.  Inconvenient Forum

■ Appellant also seeks to avoid the compulsory process of the Oregon Tax Court by arguing that Oregon is an "inconvenient forum" in which to litigate access to appellant's records, which are located at its corporate headquarters in New Jersey. ORS 305.655, Article VIII, paragraph 4, states:

"The commission may apply to any court having power to issue compulsory process for orders in aid of its powers and responsibilities pursuant to this Article and any and all such courts shall have jurisdiction to issue such orders * * *. If the party or subject matter on account of which the commission seeks an order is within the jurisdiction of the court to which application is made, such application may be to a court in the state or subdivision on behalf of which the audit is being made or a court in the state in which the object of the order being sought is situated."

Appellant urges the court to require that the Commission litigate its request for access to documents and testimony in the state participating in the audit which is determined "most convenient" through application of a complex formula. The statute, however, does not require such a determination. The effect of the compact generally and ORS 305.655, Article VIII, paragraph 4, specifically, is to promote the convenience of multistate taxpayers who might otherwise be required to litigate the states' separate requests for production of information in the courts of each taxing state. The statute allows the Commission to seek judicial enforcement in the courts of any state participating in the audit. It does not require a judicial inquiry into which of these states is the most convenient forum for the litigation.

### III. Breadth of the Order

Appellant also challenges the breadth of the order and the relevance of the objects of the order to a legitimate purpose of the Commission. The order requires production of numerous records, documents, and witnesses, as requested by the various participating states. In particular, appellant resists production of the corporate minutes, interviews with corporate officers, lists of other officers' names, job descriptions, corporate organization and function charts, worldwide payroll records, worldwide apportionment factor data and the schedules and working papers which supported its financial statements, tax returns, and published financial reports.

■ ■    As we recently held in *Dept. of Rev. v. D.R. Johnson Lumber Co.,* 289 Or 679, 683, 617 P2d 603 (1980):

> "The scope of the Department's discovery power under ORS 305.190(1) is extensive. The rule is firmly established that an agency's subpoena power is limited only to the extent that 'the inquiry must be relevant to a lawful investigatory purpose and must be no broader than the needs of the particular investigation.' *Pope & Talbot, Inc. v. State Tax Com.,* 216 Or 605, 615, 340 P2d 960 (1959); *see Frank Lumber Co. v. Dept. of Revenue,* 287 Or 513, 601 P2d 765 (1979)."

At the show cause hearing the Audit Coordinator for the Multistate Tax Commission testified that several of the states participating in the audit had requested that appellant be audited for factors indicating the conduct of a worldwide unitary business by appellant, its affiliates and susidiaries. He testified in substance that access to all of the items identified above was necessary and relevant to verify the figures in appellant's tax returns and other required reports by reference to factual data. He also indicated he would expect to determine through examination of the requested documents and testimony whether appellant and its affiliates conduct interdependent and interrelated business activities, whether their management is centralized and whether appellant's categorization of business and non-business income is correct. He testified that this type of information is relevant and necessary to an audit using the worldwide unitary approach. His unrefuted testimony satisfied the Tax Court and us that the records and testimony which are the subject of the order are reasonably relevant and necessary to a legitimate Commission purpose of conducting a joint state income tax audit. Thus the order for production is authorized under Oregon law.[1]

The judgment and order of the court below is affirmed.

---

[1] We need not here determine whether the Oregon courts would necessarily require production of information for other states upon a challenge that the law of those states differs from Oregon's. Appellant has made no assertion relating to this point.