# IN THE OREGON TAX COURT

PACIFIC COCA-COLA BOTTLING COMPANY
*v.*
DEPARTMENT OF REVENUE
(TC 1994)
The COCA-COLA COMPANY
*v.*
DEPARTMENT OF REVENUE
(TC 1995)

Milo E. Ormseth, Stoel, Rives, Boley, Fraser & Wyse, Portland, represented plaintiffs.

Marilyn Harbur and Elizabeth S. Stockdale, Assistant Attorneys General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered March 31, 1986.

## CARL N. BYERS, Judge.

These cases, which have been consolidated for trial, come before the court on defendant's Motions for Summary Judgment. Defendant asserts that the same issues were previously litigated by the same parties and that there is no "genuine issue as to any material fact." Defendant claims that the rules of res judicata and collateral estoppel entitle it to summary judgment.

Plaintiffs respond that the present cases are separate and different causes of action; that the issues in the present cases were not previously litigated and decided and therefore the rules of res judicata and collateral estoppel do not apply. The parties have submitted briefs and oral arguments to assist the court in ruling on defendant's motions.

The historical basis for defendant's motion is found in *Coca Cola Co. v. Dept. of Rev.,* 5 OTR 405 (1974), *affirmed* 271 Or 517, 533 P2d 788 (1975) (hereinafter referred to as Coke I). In that case, as now, Coca Cola Co. manufactured syrup from a secret formula for its soft drink. The syrups are then sold to various bottling companies. Only approximately 10 percent of the syrup is sold to companies which are wholly owned subsidiaries of Coca Cola Co. Pacific Coca Cola Bottling Co. (Pacific) is one of those wholly owned subsidiaries. In *Coke I,* for the years 1963 through 1966, Coca Cola Co. filed a unitary tax return in Oregon because of its Portland syrup manufacturing plant. For the same years, Pacific filed a separate unitary return reflecting its bottling activities in Oregon and Washington. The Department of Revenue asserted that Coca Cola Co. and Pacific were part of the same unitary operation and should file a combined report. The department assessed additional corporate excise taxes against Coca Cola Co. under the provisions of ORS 314.615. Coca Cola Co. appealed to this court, which sustained the department's action. Coca Cola Co. then appealed the decision of this court to the Oregon Supreme Court which, after de novo review, affirmed.

In the present case, plaintiff does not seek to relitigate the issues of unitary operations and combined reporting. Plaintiff is seeking to establish that "the allocation and apportionment provisions of ORS 314.610 to 314.665 do not fairly represent the extent of the taxpayer's business activity

in this state." Defendant maintains that this issue was necessarily litigated in *Coke I* and, in the absence of any change in circumstances, may not be relitigated now.

The following statement sets forth the basic rule of law applicable on defendant's motions:

> "We reaffirmed that a final judgment on the merits bars relitigation of the same claim or cause of suit between the same parties in a subsequent proceeding. This bar extends to all matters which the parties might have litigated and had decided as incident to or essentially connected with the former cause as a matter of claim or defense. If, however, the second action is upon a different claim or demand, we reaffirmed that the former judgment is a bar only as to questions which were actually litigated or directly in issue." *Multistate Tax Comm. v. Merck & Co., Inc.*, 289 Or 717, 721, 617 P2d 1371 (1980).

■  No citation of authority is required to support the proposition that each income tax year constitutes a separate cause of action for purposes of contesting tax liability. The concept of taxing and reporting income on an annual basis admits of no other conclusion. Accordingly, the doctrine of res judicata does not apply to the years in issue here, which are subsequent to those litigated and decided in *Coke I*.

■  As indicated by the Oregon Supreme Court in *Bahler v. Fletcher*, 257 Or 1, 474 P2d 329 (1970), there are two considerations or policies underlying the doctrine of judicial finality, only one of which is applicable here. That policy is the public's interest in preventing relitigation of matters once decided. When the shield of collateral estoppel is asserted, the court must examine the prior litigation to determine whether:

(a)   The party against whom the doctrine is asserted was a party or in privity with a party to the first action.

(b)   The issue in the present case was actually or necessarily adjudicated in the prior action.

(c)   Whether the party against whom the doctrine is asserted had a "full and fair opportunity to litigate the issue."

(d)   Whether application of the doctrine would be inequitable or unfair.

After considering the arguments and the exhibits

submitted in connection with defendant's motions, it is the court's opinion that the doctrine of collateral estoppel is not applicable in this case. This conclusion is based upon the reasons set forth below.

■ In *State Farm v. Century Home*, 275 Or 97, 550 P2d 1185 (1976), the Supreme Court set forth the responsibilities of the parties where the defense of collateral estoppel was asserted. The court there elaborated upon the rule that the party "asserting estoppel has the burden of proving the element giving rise to it."

> "If the materials submitted are inadequate to permit the court to ascertain an identity of issue, the matters decided or the basis for decision in the prior action, the party seeking estoppel cannot prevail." *State Farm v. Century Home, supra,* at 104.

After reviewing the records and the exhibits submitted, the court is not persuaded that either this court or the Supreme Court has previously ruled on the issue of whether application of the apportionment method does not "fairly represent the extent of the taxpayers' business activity in this state." It appears to the court that the only two issues actually decided in *Coke I* were whether plaintiffs constituted a unitary business and whether they were required to file combined reports. Plaintiffs concede that those issues were litigated and that, in the absence of any change in circumstances, collateral estoppel would apply as to those issues. However, plaintiffs contend that they did not have an opportunity to fully and completely litigate the issue raised in the present cases.

■ The closest issue as framed by the Oregon Supreme Court in *Coca Cola Co. v. Dept. of Rev.*, 271 Or 517, 526, 533 P2d 788 (1975), was "whether the fact that Coca Cola and its wholly owned subsidiaries are organized as separate corporate entities precludes the Department of Revenue from combining their incomes to reflect the true character of their unitary business." This is an entirely different question from the "fairly represent" issue raised by plaintiffs' complaints in these cases. Although there may be some argument that the latter issue is implicitly required to be decided in order for the court to approve combined reporting, it was not expressly litigated or decided by the court. Issues implicitly decided or

that might have been decided will be barred by res judicata. They are not barred by collateral estoppel.

Even if the same issue had been litigated in the prior case, it does not appear that application of the doctrine of collateral estoppel in these cases would be fair to the plaintiffs.

"Collateral estoppel involves a policy judgment balancing the interests of an individual litigant against the interest of the administration of justice, * * *." *State Farm v. Century Home, supra,* at 105.

In examining the opinions of both this court and the Oregon Supreme Court in *Coke I,* it appears that the issues of unitary business and combined reporting were judged in the light of the constitutional standard of fairness. As stated by the Tax Court in its opinion:

"The showing in the present case has not reached the requisite level. The 'palpably disproportionate result' referred to in *International Harvester Co., supra,* has not been proved." *Coca Cola Co. v. Dept. of Rev.,* 5 OTR 405, 436 (1974).

Since the decisions in *Coke I,* the Supreme Court has clarified the application of ORS 314.670. In *Twentieth Century-Fox Film Corporation v. Dept. of Rev.,* 299 Or 220, 700 P2d 1035 (1985), the Supreme Court rejected the position that variance from the statutory apportionment formula is permitted or required only where the formula would produce an unconstitutional result. In fact, it was the Department of Revenue in that case which argued that the "does not fairly represent" standard is different from the constitutional "fairness" standard. The Supreme Court held that the party asserting an exception to the apportionment method has the burden of proof by a preponderance of the evidence. In *Coke I,* both this court and the Oregon Supreme Court appeared to apply a constitutional standard of fairness rather than the statutory standard under a "preponderance" burden of proof. It would thus be unfair to bind plaintiffs by a decision made under different legal standards.

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant's Motions for Summary Judgment are denied.