Argued and submitted November 2, 1978, affirmed July 3, 1979

# SOUTHERN OREGON BROADCASTING CO.,
## *Appellant,*
### *v.*
# DEPARTMENT OF REVENUE, *Respondent.*
## (No. TC 1210-S, SC 25696)
597 P2d 795

Carl M. Brophy of Brophy, Wilson & Duhaime, Medford, argued the cause for appellant. With him on the briefs was Douglass H. Schmor.

G. F. Bartz, Assistant Attorney General, Salem argued the cause for respondent. With him on the briefs was James A. Redden, Attorney General.

Before Denecke, Chief Justice, and Howell, Lent, and Linde, Justices.

LINDE, J.

Lent, J., dissenting in part; concurring in part.

## LINDE, J.

Plaintiff, a company operating cable television systems in southern Oregon, appeals from an order of the Oregon Tax Court requiring it to let the Department of Revenue inspect certain business records in order to appraise plaintiff's property for taxation by Douglas County.

ORS 305.190(1) empowers the Director of the Department of Revenue to "order the production of any books or papers in the hands of any person, company or corporation, whenever necessary in the prosecution of any inquiries deemed necessary or proper in their [*sic*] official capacity." Pursuant to this authority, the department served on plaintiff a subpoena which directed plaintiff to make available for inspection by a named officer of the department copies of a form filed by the company with the Federal Communications Commission covering the years 1974, 1975, and 1976 and containing the earnings and expenses of plaintiff's cable television systems. The subpoena further stated that the department needed to examine these forms in order to complete an estimate of the market value of the system for the Douglas County assessor.

To obtain compliance, the Department of Revenue thereafter filed in the tax court a motion for an order to show cause why the subpoena should not be enforced. Plaintiff in turn moved to quash the subpoena, and the department filed an answer. After a hearing on both motions, the tax court ruled that the department was "entitled to information from the taxpayer which would enable it to consider each of the three typical approaches to value." Pursuant to the court's directive, the taxpayer submitted a list of its financial records, but it maintained that its income and expense records should not be produced for the department's examination because the "income approach" was not relevant to establishing the true cash value of the property taxable by Douglas County. Thereafter, the

court entered an order directing the taxpayer to make available to the department, at the location of taxpayer's bookkeeping operations, certain specified items on the list of financial records.

On appeal from this order, plaintiff confines its objection to contending that the order violates its right to be secure in its papers and effects against unreasonable search or seizure that is guaranteed by article I, section 9 of the constitution,[1] or if not by it, then by the federal fourth and fourteenth amendments. Conceding that the subpoena would not be unconstitutional if the records were needed for the performance of the department's duties, plaintiff argues that the demand for its financial records is an unreasonable search because the records are not relevant to valuation of its taxable property. In other words, plaintiff renews here in constitutional guise its argument that the "income approach" to property valuation cannot apply to the assessment of its personal property in Douglas County. We hold that the tax court did not err in refusing to decide the propriety of considering the income approach at the preliminary stage of the department's assessment and therefore affirm the tax court's order.

■  There is a preliminary question of the appealability of the tax court's order that we asked the parties to address after the appeal was at issue. In response, plaintiff asserts both that the order requiring it to disclose its financial records to the department is a "final order" for purposes of appeal under ORS 305.445 and also that, under the third sentence of that section, we may review the order as an appeal from a "special statutory proceeding" within the meaning of

---

[1] Or Const, art I, § 9:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

ORS 19.010.² The "special statutory proceeding" in this case would be the proceeding for challenging a departmental subpoena that is provided by ORS 305.190(2).³ The department agrees with the latter

² ORS 305.445:

"The sole and exclusive remedy for review of any decision or order of the tax court shall be by appeal to the Supreme Court. Jurisdiction hereby is vested in the Supreme Court to hear and determine all appeals from final decisions and final orders of the tax court, except with respect to the small claims division of the tax court. Such appeals, and the review of final decisions and final orders of the tax court, shall be in accordance with the procedure in equity cases on appeal from a circuit court, but without regard to the sum involved. Upon such appeal and review, the Supreme Court shall have power to affirm, modify or reverse the order or decision of the tax court appealed from, with or without remanding the case for further hearing, as justice may require."

ORS 19.010:

"(1)  A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2)  For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)  An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b)  An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c)  A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d)  An order setting aside a judgment and granting a new trial.

"(e)  A final judgment or decree entered in accordance with ORS 18.125.

"(3)  No appeal to the Supreme Court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250.

"(4)  An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding.

³ ORS 305.190(2):

"If any person disobeys any subpoena of the director, or refuses to testify when required by the director, the department may apply to the Oregon Tax Court for an order to the person to produce the books and

[39]

view, and, although the conclusion is not free from doubt, we accept that concession. Accordingly, we proceed to the merits.

This court reviewed the subpoena powers of the predecessor of the defendant department in *Pope & Talbot, Inc. v. State Tax Commission*, 216 Or 605, 340 P2d 960 (1959). In sustaining a subpoena for a corporation's records to aid an investigation into compliance of other taxpayers with the tax laws, the court stated the constitutional limit of such powers in terms drawn from *Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 66 S Ct 494, 90 L Ed 614 (1946) and *United States v. Morton Salt Co.*, 338 US 632, 70 S Ct 357, 94 L Ed 401 (1950): "The inquiry must be relevant to a lawful investigatory purpose and must be no broader than the needs of the particular investigation." 216 Or at 615. Unlike Pope & Talbot, Inc., plaintiff in this case is itself the taxpayer whose tax liability is under examination. It concedes the lawfulness of the department's investigatory purpose, but it denies the relevance of its income and expense records on the ground that as a matter of law, the correct approach to assessing the value of its Douglas County cable system should be based on the system's cost.

papers or attend and testify, or otherwise comply with the demand of the department. The application to the court shall be by ex parte motion upon which the court shall make an order requiring the person against whom it is directed to appear before the court in the county in which the person resides or has a place of business on such date as the court shall designate in its order and show cause why the person should not comply with the demand of the department. The order shall be served upon the person to whom it is directed in the manner required by this state for service of process, which service shall be required to confer jurisdiction upon the court. Upon failure of such person to show cause for noncompliance, the court shall make an order requiring the person to comply with the demand of the department within such time as the court shall direct. Failure to obey any order issued by the court under this section is contempt of court. The remedy provided by this section shall be in addition to other remedies, civil or criminal, existing under the tax laws or other laws of this state."

ORS 308.205 defines the true cash value of personal property, for the purposes of taxation, as follows:

> "True cash value of all property, real and personal, means market value as of the assessment date. True cash value in all cases shall be determined by methods and procedures in accordance with rules and regulations promulgated by the Department of Revenue. With respect to property which has no immediate market value, its true cash value shall be the amount of money that would justly compensate the owner for loss of the property. With respect to property that is subject to governmental restriction as to use on the assessment date under applicable law or regulation, true cash value shall not be based upon sales that reflect for the property a market value that the property would have if the use of the property were not subject to the restriction unless adjustments in value are made reflecting the effect of the restrictions."

According to this section, the methods and procedures for determining true cash value are to be set out in rules and regulations promulgated by the department. The taxpayer cites no such rule or regulation that would make the cost of the system the one proper starting point for determining its value or that would exclude consideration of the income derived from the taxpayer's operations, allocated in some proportion to its Douglas County system, in placing a value on that system. Nor, for that matter, does the department bring to our attention any rule or regulation in which it has prescribed methods or procedures for assessing property like that used in a cable television system. Instead, the department merely invokes three "standard approaches" listed in general texts on appraisal, one being to determine the depreciated reproduction cost of the physical property, another its capitalized net earning capacity, and the third the price obtained in recent sales of comparable property.

We have recently had a number of occasions to point out that without the kind of meaningful specifications of methods and procedures suitable for differ-

ent types of property that are contemplated in ORS 308.205, *supra,* the tax court and this court cannot review a contested assessment for its consistency with an established valuation formula. Rather, both courts are left to redetermine the tax "anew upon the record" made in the tax court, ORS 305.445 and ORS 19.125(3), including the evidence both as to the proper methodology and as to the facts of the taxpayer's property. The lack of comprehensive standards and methods of assessing different types of property promulgated under ORS 308.205 in advance of the particular assessment reduces both courts from the function of clarifying law to a factfinding function and eliminates any precedential value of a decision even with respect to the same property of the same taxpayer from one year to the next. *See Pacific Power & Light Co. v. Dept. of Revenue,* 286 Or 529, 596 P2d 912 (1979); *Borden, Inc. v. Dept. of Revenue,* 286 Or 567, 595 P2d 1372 (1979); *Brooks Resources Corp. v. Dept. of Revenue,* 286 Or 499, 595 P2d 1358 (1979); *Bend Millwork Co. v. Dept. of Revenue,* 285 Or 577, 592 P2d 986 (1979); *cf. Medical Building Land Co. v. Dept. of Revenue,* 283 Or 69, 582 P2d 416 (1978). Without preexisting rules, "[t]he appropriateness of a particular valuation method or combination of methods is not determined by fixed principles of law, but is a factual determination that depends on the record developed in each case," as Justice Howell recently wrote in *Brooks Resources Corp.,* and the courts perform the function of factfinders and not as correctors of legal errors. 286 Or at 503-4. "This sometimes leads to citation of an opinion of this court for what the party conceives to be a rule of law, but which is really only a finding of fact upon the evidence in the record in the cited case." *Bend Millwork, supra,* at 581.

◼ Under such circumstances, plaintiff's citation of *Portland Cement Co. v. Tax Commission,* 230 Or 389, 369 P2d 765 (1962), leans on a reed as shaky as any other, since the department might perhaps be able to show in this taxpayer's case what the commission had

failed to show in the record of that case. In short, the tax court could not be expected to decide upon the taxpayer's motion to quash the subpoena in the present proceeding, in advance of the evidentiary record that the department and the taxpayer might eventually make, that the approach of capitalizing the taxpayer's net income, or parts of it, could under no circumstances be relevant to the true cash value of its Douglas County property. That might be true if proper rules or regulations under ORS 308.205 indicated that a different method or procedure was appropriate, but as we have said, none has been cited.[4]

Accordingly, the tax court did not err in enforcing the subpoena.

Affirmed.

**LENT, J.,** dissenting in part; concurring in part.

I dissent from the majority opinion on the issue of the appealability of the order. As the majority concedes, the question of our *jurisdiction* is not free from doubt. We did *not* have the advantage of true adversarial briefing in this case because the respondent[1] was apparently as anxious as the appellant for a ruling on the merits. I do not find this to be either a final order under ORS 305.445 or "[a]n appeal * * * from the *circuit court* in any special statutory proceeding * * *" (emphasis added) under ORS 19.010(4). The majority appears to render an advisory opinion upon jurisdiction bestowed by stipulation of the parties. This we have no power to do.

I concur in the reasoning of the majority upon the merits.

---

[4] It appears that the department has defined some methods and procedures for the valuation of real and personal property, *see* OAR 150-308.205-(A) and 150-308.205-(B) (1978). However, neither regulation seems to furnish guidance for the present problem.

[1] The parties cannot even be labelled as plaintiff and defendant or petitioner and respondent because there is no cause pending as we usually understand that concept.