Argued and submitted September 7, affirmed October 16, 1979

FRANK LUMBER CO., INC.,
*Appellant,*

*v.*

STATE OF OREGON ET AL,
*Respondents.*

(TC No. 1272, SC 26003)

601 P2d 765

Carlisle B. Roberts, Judge.

Gary G. Jones, of Rhoten, Rhoten & Speerstra, Salem, argued the cause and filed briefs for appellant.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was James A. Redden, Attorney General, Salem.

PER CURIAM.

## PER CURIAM.

The Department of Revenue issued to plaintiff a subpoena and order to produce certain documents regarding timber purchases which the Department required in order to administer the Western Oregon Forest Land and Severance Tax Act, ORS 321.257 to 321.372. The plaintiff refused to supply all the information requested and filed this declaratory judgment proceeding seeking a determination of whether it was obligated to comply with the order. The Tax Court entered a decree in favor of the Department of Revenue, and plaintiff appeals.

The statutes relating to the Western Oregon Forest Land and Severance Tax impose a severance tax on timber harvested from private lands in western Oregon, and the Department of Revenue is charged with the administration, enforcement and collection of the tax. ORS 321.272 and 321.342(1). The Department is granted discovery power under ORS 321.342:

"(1) ORS 321.257 to 321.242 [.342] shall be enforced and the taxes imposed thereby shall be collected by the department which shall have the power to prescribe forms and to adopt rules for the ascertainment and collection of such taxes.

"(2) For the purpose of determining the taxes imposed by ORS 321.257 to 321.342, the department may:

"(a) Require any person to furnish any relevant information.

"(b) Examine the relevant books, records and files of such person.

"(c) Subpena and examine witnesses and administer oaths.

"(d) Enter upon and inspect the land of any owner or the land from which any timber has been harvested."

In 1977 the plaintiff purchased a large tract of timber and land known as the Gordon Creek Tree Farm. The defendant wrote plaintiff stating defendant's obligations under the Western Oregon timber tax

statutes, and requested access to the plaintiff's purchase agreements for the Gordon Creek transaction. Plaintiff apparently refused, and defendant issued an order to produce the following:

"1. Inventory of timber on the Gordon Creek Tree Farm including a type map, summary of acres of trees under merchantable size by age and stocking classification, and summary of volume by species.

"2. A copy of the report made by whomever contracted with Frank Lumber Co., Inc., to do the inventory of timber on the Gordon Creek Tree Farm along with an explanation of inventory specifications and definitions of merchantability standards and classifications used by the cruisers.

"3. Other timber purchase agreements showing date, name of grantor, consideration, copy of sale or ` purchase agreement, legal description and summary of the timber inventory showing acres, classes, volumes and species."

It is difficult to discern from the record the exact reasons why the parties have not been able to agree on the production of the records mentioned above. In the complaint in the declaratory judgment proceeding, plaintiff expresses concern that plaintiff's special skills in the "acquisition, selection and analysis" of timber would be made available to competitors, and that cost of compliance would be burdensome and expensive. At trial plaintiff produced testimony relating to possible disclosure of corporate judgment decisions, the conversion factor of logs to end product, and logging and sawmill costs. But the simple answer to plaintiff's concern is that, as the trial court indicated, none of these matters is involved in the three items listed in the subpoena and order to produce. Once the parties had focused on what was actually involved in the order to produce, an official of plaintiff corporation testified that the inventory of the Gordon Creek timber mentioned in Item 1 consisted of one document of several pages and that it would not be necessary for an auditor to search other records to secure that information. The document in Item 2 is a cruise report on the

Gordon Creek timber prepared by Timberland Services and is readily available. As to Item 3, "other timber purchase agreements," the plaintiff has agreed to furnish defendant with copies of the contracts or deeds. Plaintiff's officer also testified that it has records showing the last portion of Item 3, "summary of the timber inventory showing acres, classes, volumes and species." Any information in excess of the items listed could be excised from the summary so that the summary would be confined to only those items mentioned.

The material requested in the subpoena is relevant to the defendant's administration of the severance tax, is not overly broad, and therefore meets the qualifications established by this court in a very similar declaratory judgment proceeding, *Pope & Talbot, Inc. v. State Tax Com.,* 216 Or 605, 340 P2d 960 (1959).

Affirmed.