Argued and submitted November 5, affirmed December 18, 1979

In re Enforcement of Subpoena of the
Department of Revenue Issued and Directed
to Eola Concrete Tile & Products Company

EOLA CONCRETE TILE &
PRODUCTS COMPANY,
*Appellant,*
*v.*
STATE OF OREGON, et al,
*Respondents.*

(TC 1306-S and 1307, SC 26224)

603 P2d 1181

Carlisle B. Roberts, Judge.

T. W. Churchill, of Churchill & Leonard, Salem, argued the cause and filed a brief for appellant.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was James A. Redden, Attorney General.

PER CURIAM.

## PER CURIAM.

This is the third case in recent months in which a taxpayer appeals the Oregon Tax Court's decision enforcing a subpoena. *See Frank Lumber Co. v. Dept. of Revenue,* 287 Or 513, 601 P2d 765 (1979); *Southern Oregon Broadcasting Co. v. Dept. of Revenue,* 287 Or 35, 597 P2d 795 (1979). In the present case, consolidating two proceedings, the court ordered the taxpayer to provide some but not all the material demanded in the department's Order to Produce, as the department entitled its subpoena. As in the previously cited cases, we affirm the tax court.

The taxpayer makes three contentions on appeal: First, that the department demanded access for its appraiser to data some of which the taxpayer had previously included in a personal property tax return but which the appraiser had not seen; second, that the department's order recited an improper purpose; and third, that the order unreasonably risks the exposure of taxpayer's business secrets to its competitors.

The demand resisted here is for certain records and information concerning machinery used by taxpayer in making cement pipe. To the first contention, the department responds that for purposes of a real property tax assessment of taxpayer's industrial plant, it needs to appraise the value of any given machine in actual operation in relationship to other machines. It cannot be confined to the taxpayer's self-assessment of its machinery in a personal property tax return. We agree. While the department might well have examined the information submitted by the taxpayer with that return, the subpoena is not invalid on that score.

The second objection rests on a statement in the Order to Produce that the department needed the demanded records "in making its appraisal for purposes of ad valorem taxation of the company." It is, of course, not "the company" but its property that is

subject to "appraisal for purposes of ad valorem taxation." The taxpayer does not claim that it was misled in any way but only that it is entitled to resist an imperfect order. The tax court rightly rejected this contention as an immaterial and unprejudicial error in drafting the order.

As to its third contention, the taxpayer, insofar as it relies on constitutional grounds, cites no authority for the claim that the legislature could not demand disclosure of information which a business prefers to keep confidential from its competitors.[1] The taxpayer only argues that the exemption of such business records from disclosure otherwise required by the public records act, ORS 192.420, 192.500, may not be sufficiently absolute to protect its interests. The hypothetical circumstances which it presents to show that others might demand these records are speculative, and the public records act is not involved in this case. The tax court found that the plea of business secrecy was not supported by evidence. Assuming the claim has a legal premise at all, the record does not lead us to differ with that conclusion.

The tax court's orders are affirmed.

---

[1] A contention invoking the federal constitution necessarily claims that the United States Supreme Court would decide in favor of the contention if the matter were before it, a claim requiring support in the decisions of that court or of other courts that in turn are supported by such Supreme Court decisions. See Southern Oregon Broadcasting Co. v. Dept. of Revenue, supra; Pope & Talbot, Inc. v. State Tax Com., 216 Or 605, 340 P2d 960 (1959). While there is a prior issue under Or Const art I, § 9, petitioner does not develop any separate argument under it. United States v. Powell, 379 US 48, 85 S Ct 248, 13 L Ed 2d 112 (1964), cited by taxpayer, interpreted a section of the Internal Revenue Code, 26 USC § 7605(b).

Although the point is tangential to the third assignment of error, the taxpayer also argues that the department cannot demand records as being required for determining "functional obsolescence" unless the taxpayer chooses to assert such a claim. However, the assessor's and the department's assignment is to make the legally proper assessment independently of particular taxpayer assertions. ORS 308.330, 308.335, ORS 306.126.