Argued and submitted June 24, affirmed September 30, 1980

In re Enforcement of Subpoena and
Order of the Department of Revenue
Issued to President, Manager or other
Officer of D. R. Johnson Lumber Co.,
P.O. Box 66, Riddle, Oregon.

DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

D. R. JOHNSON LUMBER CO., et al,
*Appellant.*

(TC 1335-S, SC 26640)

617 P2d 603

Donald A. Dole, of Neuner, Dole, Caley & Kolberg, Roseburg, argued the cause and filed briefs for appellant.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James M. Brown, Attorney General, Salem.

HOWELL, J.

**HOWELL, J.**

The defendant, a corporation operating a sawmill and related woodworking facilities in Douglas County, appeals from an order of the Oregon Tax Court which required the defendant to disclose certain business records to the Department of Revenue in order to make an ad valorem appraisal of defendant's property.

Pursuant to the authority granted it by ORS 305.190(1),[1] the Department of Revenue served a subpoena on defendant which directed the lumber company to make available for inspection the following documents:

"(1) Income and expense records, consisting of:

"(a) Profit and loss statements that have been audited by certified public accountants or compiled for purposes of corporate excise tax accounting with any schedules or entries that accompany the statements that were compiled to substantiate entries, including but not limited to depreciation schedules, explanatory footnotes or income tax offsets such as a statement for investment tax credits.

"(b) Balance sheets, commonly showing the financial condition of the company as of a certain date, that have been audited by certified public accountants or compiled for corporation excise tax purposes, with any schedules or entries compiled to substantiate numerical results, such as a listing of fixed assets, footnotes or explanations for accounting practices or corporate excise tax liabilities, that were submitted with the balance sheets.

"(2) Production costs by cost center of pond-yard, barker, chipping, sawmill, sorting chain, drying, surfacing, shipping, mill transporation, overhead, depreciation, selling expense or other cost centers entered and recorded in the particular accounting system

---

[1] ORS 305.190(1) provides:

"(1) The Director of the Department of Revenue, in conformity to the resolutions or rules of the department, may subpena and examine witnesses, administer oaths and order the production of any books or papers in the hands of any person, company or corporation, whenever necessary in the prosecution of any inquiries deemed necessary or proper in their official capacity."

of the company for accounting periods covering the fiscal years ending in 1973, 1974, 1975, 1976, 1977 and 1978. Usually these records relate to volume and costs for thousand board feet lumber talley [sic] for lumber productions and tons or units for byproducts."

The subpoena stated that examination and inspection of this material was necessary to enable the Department to make a new ad valorem appraisal for January 1, 1979. It further stated that the income, expense and production records would provide the Department with means of estimating economic and functional obsolescence, and means of reviewing and analyzing real property tax returns submitted by defendant for the calendar years 1973 through 1978.

When access to the complete records requested was not forthcoming, the Department, following the procedure stipulated in ORS 305.190(2),[2] filed a motion in the Tax Court for an order to show cause why the subpoena should not be enforced, and the order was issued and served.

After a hearing, the Tax Court entered an order directing the taxpayer to permit inspection of the records described above. We affirm the Tax Court.

---

[2] ORS 305.190(2) provides:

"(2) If any person disobeys any subpena of the director, or refuses to testify when required by the director, the department may apply to the Oregon Tax Court for an order to the person to produce the books and papers or attend and testify, or otherwise comply with the demand of the department. The application to the court shall be by ex parte motion upon which the court shall make an order requiring the person against whom it is directed to appear before the court in the county in which the person resides or has a place of business on such date as the court shall designate in its order and show cause why the person should not comply with the demand of the department. The order shall be served upon the person to whom it is directed in the manner required by this state for service of process, which service shall be required to confer jurisdiction upon the court. Upon failure of such person to show cause for noncompliance, the court shall make an order requiring the person to comply with the demand of the department within such time as the court shall direct. Failure to obey any order issued by the court under this section is contempt of court. The remedy provided by this section shall be in addition to other remedies, civil or criminal, existing under the tax laws or other laws of this state."

Defendant presents four assignments of error on appeal. In its first three, defendant challenges the right of the Department of Revenue to inspect (1) profit and loss statements described in Paragraph l(a) above; (2) balance sheet and accompanying schedules described in Paragraph l(b); (3) records of production costs described in Paragraph 2.

In its fourth assignment of error, defendant challenges the Tax Court's exclusion of evidence at the show cause hearing as to the inability of an appraiser to use the capitalization of income method.

The primary thrust of defendant's assignments of error is that defendant's business records are not relevant to the Department's investigation because the "income approach" to property valuation cannot apply to appraisal of sawmills and related woodworking facilities. Defendant further contends that, because the information is irrelevant, the order constitutes an invasion of privacy and therefore unreasonably risks disclosure of defendant's confidential trade secrets to its competitors.

■■ The scope of the Department's discovery power under ORS 305.190(1) is extensive. The rule is firmly established that an agency's subpoena power is limited only to the extent that "the inquiry must be relevant to a lawful investigatory purpose and must be no broader than the needs of the particular investigation." *Pope & Talbot, Inc. v. State Tax Com.,* 216 Or 605, 615, 340 P2d 960 (1959); *see Frank Lumber Co. v. Dept. of Revenue,* 287 Or 513, 601 P2d 765 (1979). We have held, under this standard, that the Department is entitled to obtain all information relevant to the use of any of the three property valuation methods. *Southern Oregon Broadcasting Co. v. Dept. of Revenue,* 287 Or 35, 597 P2d 795, *cert. denied* 444 US 932, 100 S Ct 277, 62 L Ed2d 190 (1979).

Defendant argues that the information requested is irrelevant and unnecessary because the "income approach" should not, as a matter of law, be used to appraise its property and because the Department already had sufficient information to appraise

the property using the "cost approach." We have previously held that the Tax Court need not decide, at this preliminary stage, the appropriateness of the "income approach." *Southern Oregon Broadcasting Co. v. Dept. of Revenue, supra.* We see nothing here which requires a contrary result. As the Tax Court correctly stated:

> "* * *[T]he county assessor and the department have the duty to appraise property. For this purpose, they must use all of the appraisal tools available, including all the approaches to value. * * * The tax administrator cannot properly be denied the information which is necessary for a logical exercise of judgment. * * * "

■ Defendant relies on *Ore. Portland Cement Co. v. Tax Com.,* 230 Or 389, 369 P2d 765 (1962), wherein this court stated that, generally, the income approach is not a proper method of determining the value of a going concern. Whether that rule is applicable to defendant's sawmill operation is not now before us in this discovery proceeding in which plaintiff is seeking information so that it may evaluate defendant's property. Whether the income approach is proper may be an issue if litigation develops between the taxpayer and the Department of Revenue over the assessed value as of January 1, 1979. Insofar as the items listed in the subpoena are concerned, we find from the record that the information requested was both necessary and relevant for the Department to determine which of the three approaches to use to value defendant's property. It is not defendant's prerogative at this stage of the proceedings to decide for the Department which approach should or should not be used. Accordingly, we affirm the Tax Court's decision that the information requested by the Department was relevant to the performance of the Department's statutory duties of appraisal.

■ We do not agree with defendant's assertion that disclosure of the requested records creates an unreasonable risk of exposure of its business operations. Since we have held that the requested records are relevant and necessary, the defendant cannot prevent access to the information merely because it fears

possible disclosure. Moreover, the Tax Court held that defendant had failed to adequately prove its assertions and we similarly find nothing in the record which suggests an actual rather than a hypothetical risk. *See Eola Con. Tile & Prod. Co. v. Dept. of Rev.* 288 Or 241, 603 P2d 1181 (1979).

We therefore affirm the order of the Tax Court.