# IN THE OREGON TAX COURT

## JOHNSON et al
*v.*
## DEPARTMENT OF REVENUE
(TC 1981 and 1983)

Donald A. Dole and Rodney Johnson, Roseburg, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Ruling for plaintiffs rendered August 16, 1985.

**CARL N. BYERS, Judge.**

These cases involve the valuation of an industrial plant under the provisions of ORS 308.411. At the time set for trial, defendant objected to plaintiffs' use of the replacement cost used approach on the grounds that it takes into consideration functional and economic obsolescence. Inasmuch as plaintiffs are electing owners under ORS 308.411, defendant contends that plaintiffs are precluded from using this method. At the request of the parties, the court agreed to issue an interlocutory ruling on defendant's objection.

The court is indebted to counsel for its understanding

of the background of the statute. Briefly, the owners of industrial plants, primarily wood products plants, were concerned with the confidentiality of the expense and income information sought by the taxing authorities. Fearing that such information might leak to their competitors and give them an unfair advantage, they fought to prevent the Department of Revenue from obtaining such information. On the other hand the assessors and Department of Revenue needed such income and expense information in order to accurately appraise the plants. ORS 308.411 was born of this conflict.

ORS 308.411 was enacted to give the owner of an industrial plant an election with regard to the use of the plant's income and expense information in valuing the plant. The normal rule established by case law was that the department was entitled to obtain the income and expense information and utilize it in valuing the industrial plant. *Dept. of Revenue v. D. R. Johnson Lbr. Co.,* 289 Or 679, 617 P2d 603 (1980). ORS 308.411(2) provides that the owner may elect to have the plant valued without consideration of functional and economic obsolescence. If the owner makes this election, subsection (8) relieves the owner of furnishing income and expense information to the taxing authorities. However, subsection (5) of the statute also prohibits the owner from introducing any evidence relating to functional or economic obsolescence in tax valuation proceedings. The statute takes an all or nothing approach. If the owner elects to furnish the information, he must furnish "all information requested by the assessor or department." On the other hand, if the owner elects not to provide the information, the statute expressly provides that he shall not be required to provide "any itemization of income and expense of the industrial plant" to the assessor or department.

■ Each party rests its case on a different portion of the statute. Plaintiffs' position is that the statute is intended only to preclude use of the income and expense information which the electing owner refuses to disclose to the taxing authority. Plaintiffs' argument rests on the language in subsection (5) of the statute which provides:

"If an owner makes an election under subsection (2) of this section, the owner shall not in any proceedings involving the assessment of the industrial plant for the assessment year for which the election was made, before the county board of

equalization, the Department of Revenue or the Oregon Tax Court, be entitled to introduce *evidence relating to* the use of the income approach or *the allowance of* functional or economic obsolescence in any approach to valuation of the plant." (Emphasis added.)

Defendant's argument focuses on subsection (2) of the statute which provides as follows:

"The owner of a plant may elect to have the plant appraised and valued for ad valorem tax purposes excluding *the income approach to valuation and excluding taking into* consideration functional and economic obsolescence in the utilization of any approach to valuation."

Defendant believes that "excluding taking into consideration" means excluding any method of appraisal which reflects or adjusts for functional or economic obsolescence. Defendant's position is that the replacement cost used approach, the replacement cost new approach and the market comparison approach all inherently reflect functional and economic obsolescence to some degree. Defendant, therefore, concludes that the only way to avoid "taking into consideration" obsolescence is to use the reproduction cost new approach.

Mindful of the cautions not to add or subtract from the language of the statute, the greatest exertion must be in measuring, weighing and comparing the words contained within the act. ORS 174.010. In so doing, it appears that certain assumptions were made by the legislature in enacting the statute. Two of these assumptions merit mention in interpreting the statute. First, the legislature appears to have assumed that there are no comparable sales for industrial plants. Hence, the need for the income and expense information to properly value the plant. Defendant's argument that the election precludes use of the comparable sales approach seems inconsistent with the need for the expense and income information.[1]

The second assumption which the legislature appears

---

[1] Under subsection (3), the department or assessor's appraisers must first make a preliminary survey to determine what methods of appraisal will be used in valuing the plant. The owner is required to make the election within two days after meeting with the appraisers and learning of the proposed methods of appraisal. Presumably, if comparable sales existed and the appraisers proposed to use the market comparison approach, the owner would not elect under ORS 308.411.

to have made is that the income and expense information was necessary in order to consider or allow functional or economic obsolescence. As this case discloses, functional obsolescence and economic obsolescence may be accounted for or reflected in appraisals without the use of income or expense information. If the legislature did make such an assumption, the court may well be in the position of determining what the legislature would have done if they had known of cases such as this. *State v. Tippie,* 269 Or 661, 525 P2d 1315 (1974).

Defendant argues that the legislature recognized that obsolescence is reflected in or accounted for in the market comparison approach and the replacement cost approach. (Defendant's Memorandum, at 5.) If this is true, the legislature did not manifest this recognition in the statute. The language in subsection (5) which precludes the owner from introducing evidence relating to "the allowance of" seems to contemplate a computation or separate estimate of obsolescence. Likewise, in subsections (8) and (9) the owner foregoes consideration of "the determination of" functional or economic obsolescence. If the legislature had intended the electing plant to be valued using the reproduction cost new approach only, it would have been measurably easier to say so.

■   Defendant relies on the terms "excluding taking into consideration functional and economic obsolescence in the utilization of *any* approach to valuation." (Defendant's Memorandum, at 5.) Examining each word in that phrase, the direction is not to exclude consideration of obsolescence in *any* approach, but to exclude consideration of obsolescence in the *utilization* of any approach. To give meaning to "utilization" requires the appraiser to ignore, disregard, omit or leave out obsolescence in utilizing an appraisal approach. It does not mean to exclude every approach which may inherently reflect some forms or amounts of obsolescence. This is consistent with the terms used in subsection (5) and (9) which suggest (a) more than one approach may be used and (b) that obsolescence needs to be separately computed or calculated.

The court is reluctant to construe the statute broader than is necessary to resolve the issues raised by this case. In light of the above discussion, the court finds that evidence of an appraisal utilizing the replacement cost used approach is not excluded by the language of subsection (5). The evidence

in such an appraisal consists of prices of used equipment which is comparable in function and condition to the subject property. The prices, of necessity, reflect functional and economic obsolescence to the extent that the market recognizes such obsolescence. The prices are not, however, evidence "relating to," an "allowance of," or "determination of" obsolescence. Such an approach does not indicate whether or how much functional or economic obsolescence may be present. This can be done only by comparing the used prices with new prices and then analyzing the difference for elements or amounts attributable to physical depreciation, functional and economic obsolescence. This step or process is not necessary to or a part of the replacement cost used approach as to the equipment prices themselves.

An appraisal utilizing the replacement cost used approach also includes, however, costs other than the used equipment costs. These costs are primarily related to installation and integration of equipment, such as wiring, concrete and steel foundations for the machinery, plumbing, engineering and similar costs. These types of properties are not obtainable "used." Accordingly, their costs are estimated new and then depreciated for estimated physical depreciation, functional obsolescence and economic obsolescence. If an industrial plant owner makes the election provided for under ORS 308.411(2), it would be precluded by the provisions of subsection (5) of the statute from introducing any evidence relating to the functional and economic obsolescence with regard to these installation costs. It could, of course, introduce evidence of the physical depreciation suffered by such property.

This decision necessarily means that an owner who has made an election under subsection (2) of ORS 308.411 may use methods other than the reproduction cost new. What the owner cannot do is introduce evidence of the presence of or amounts of functional or economic obsolescence. The ostensible purpose of subsection (5) is to prohibit the owner from using information which the owner has refused to disclose to the taxing authorities in claiming a lesser value for the industrial plant. The statute is not so limited, however, and broadly prohibits the owner from introducing evidence "relating to * * * the allowance of functional or economic obsolescence."

In summary, the court holds that an owner electing under ORS 308.411(2) is not limited to use of the reproduction cost new approach only in appraising the plant. In view of this conclusion, defendant's objection is overruled.