# IN THE OREGON TAX COURT

## LAMB-WESTON, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 2936)

Richard Hayden, Portland, represented plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Order Compelling Compliance With Subpoena granted on April 27, 1990 subject to conditions.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's motion to quash defendant's administrative subpoena duces tecum. Defendant filed its objections and a motion to compel compliance with the subpoena. These motions bring into sharp focus a cactus-like problem arising from opposing needs.

Plaintiff needs confidentiality of its internal business information. Defendant needs the same information to carry out its public duties.

Defendant seeks information about plaintiff's purchase of five potato processing plants and their operating costs. Defendant will use the information to prepare market value appraisals of potato processing plants. Plaintiff objects because the information will reveal much about its competitive position. Even worse, in this case, defendant intends to use plaintiff's information to prove that it has accurately valued a competitor's plant. In the process, the competitor will necessarily learn the information plaintiff believes so valuable. Plaintiff claims that the industry is extremely competitive and giving the information to its competitors will put plaintiff at a serious disadvantage.

■ The subpoena in question was issued by defendant in accordance with ORS 305.190(1) which provides:

> "The Director of the Department of Revenue, in conformity to the resolutions or rules of the department, may subpoena and examine witnesses, administer oaths and order the production of any books or papers in the hands of any person, company or corporation, whenever necessary in the prosecution of any inquiries deemed necessary or proper in their official capacity."[1]

■ The Oregon Supreme Court has interpreted and applied this statute on several occasions. In *Dept. of Revenue v. D. R. Johnson Lbr. Co.*, 289 Or 679, 683, 617 P2d 603 (1980), the court stated:

> "The scope of the Department's discovery power under ORS 305.190(1) is extensive. The rule is firmly established that an agency's subpoena power is limited only to the extent that 'the inquiry must be relevant to a lawful investigatory purpose and must be no broader than the needs of the particular investigation.' *Pope & Talbot, Inc. v. State Tax Com.*, 216 Or 605, 615, 340 P2d 960 (1959); *see Frank Lumber Co. v. Dept. of Revenue*, 287 Or 513, 601 P2d 765 (1979). We have held, under this standard, that the Department is entitled to obtain all information relevant to the use of any of the three

---

[1] Presumably, the use of the plural "their" in describing the "official capacity" refers not only to the director of the Department of Revenue but also to officers or employees to whom the power is delegated. ORS 305.057.

property valuation methods. *Southern Oregon Broadcasting Co. v. Dept. of Revenue*, 287 Or 35, 597 P2d 795 *cert. denied* 444 US 932, 100 S Ct 277, 62 L Ed2d 190 (1979)."

After the decision in *Dept. of Revenue v. D. R. Johnson Lbr. Co.*, the 1981 legislature enacted ORS 305.420(5).[2] Although ORS 305.420 authorizes Tax Court subpoenas, subsection (5) also applies to administrative subpoenas issued by defendant. ORS 305.190(3). It becomes necessary then to consider the effect of ORS 305.420(5) on ORS 305.190(1).

■    ORS 305.420(5) authorizes the court to review subpoenas for relevancy and to determine what protection to give confidential information. That statute applies only to subpoenas in a "proceeding involving the determination of the value of an industrial plant." Tax Court subpoenas always relate to a "proceeding," but administrative subpoenas may not. Administrative subpoenas may issue in connection with "any inquiries" defendant deems necessary. Therefore, the test for relevance under an administrative subpoena is determined by the scope of the administrative inquiry.

■    Plaintiff contends that defendant's subpoenas are limited to taxpayers who are parties to an administrative proceeding. The statute imposes no such limitation. *Pope & Talbot, Inc. v. State Tax Com.*, 216 Or 605, 340 P2d 960 (1959). As indicated in *D. R. Johnson*, the legislature has conferred authority on the defendant in broad terms. ORS 305.120. Defendant is commanded to supervise the administration of the property tax laws:

> "[S]o that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States." ORS 306.115(1).

Uniformity of taxation is a major concern. Defendant is to make recommendations to the legislature to improve the tax

---

[2] ORS 305.420(5) provides:

"Subpoenas in a proceeding involving the determination of the value of an industrial plant, as defined in ORS 308.408, for purposes of ad valorem property taxation, may be issued as provided in subsection (1) of this section. However, upon petition of the person subpoenaed, the court shall make an order determining if the evidence sought by the subpoena is relevant to the pending proceeding, and if requested by the person subpoenaed, an order as required in the interests of justice to protect the confidentiality of the information subpoenaed."

laws. ORS 305.170. It cannot be restricted to acquiring information only from taxpayers involved in appraisals or appeals. If an inquiry is within the scope of defendant's responsibilities, it may use its subpoena powers to implement the inquiry.

The court finds that defendant's investigation of the potato processing industry to determine comparable sales is "relevant" under the statute. The court also finds that the scope of the subpoena issued is sufficiently definite and restricted; it is not unreasonable.

Plaintiff contends that producing all of the information sought will impose undue hardship. Such a broad contention is not particularly convincing or helpful to the court. Defendant has requested documents covering the sale and three years of operation. It is likely that the sale documents can be easily located. Defendant seeks operating costs mostly on an annual basis. If this information is kept, it is likely that summaries are prepared. Without more specific claims, the court must assume that plaintiff can furnish the information without undue hardship.[3]

Plaintiff asserts that the information is "confidential" and would cause significant damage if disclosed to its competitors. Defendant denies that the information is confidential, contending that at this point it is stale and out-of-date. Plaintiff introduced evidence that the information is valuable in the industry and closely guarded. Defendant submitted no rebuttal evidence but argued that plaintiff's evidence was inadequate.

Plaintiff's evidence of the circumstances surrounding the protection of the information is enough to cross the threshold. The court finds that any information furnished under this order should initially be treated as confidential by defendant. Defendant shall not disclose such information to the public or use the information in any hearing, proceeding or process open to public inspection. Defendant may disclose the information only upon express order of this court. The court contemplates that after defendant obtains the information

---

[3] In its subpoena, defendant has offered to pay plaintiff 10 cents per page for copying costs. This amount seems low in view of the fact that government agencies typically charge 25 cents, or more, per page.

and has an opportunity to examine and analyze it, it can be separated into three groups:

(1) *Agreed Non-confidential:* The parties agree the information is not confidential;

(2) *Agreed Confidential:* The parties agree the information is confidential; or ·

(3) *Disagree Confidential:* The parties disagree whether the information is confidential.

The court expects the following treatment for each group:

(1) *Agreed Non-confidential.* Defendant may use such information as it deems necessary in its work without restriction.

(2) *Agreed Confidential.* If defendant believes the public benefit will outweigh the harm to plaintiff and is necessary to defendant's work, it will submit such information to the court. Defendant shall specify the proposed uses of the information. Plaintiff will respond and the court will then determine how the information may be used, if at all. If the court determines that the benefit to the public outweighs the possible harm to plaintiff, it will specify the conditions for use of the information. In doing so, the court will try to disguise the information as much as possible. If the court finds that the harm to plaintiff outweighs the public benefit, it will order the information returned to plaintiff.[4]

(3) *Disagree Confidential.* Defendant will submit the information to the court with its arguments. Defendant shall also specify the proposed uses. Plaintiff will then respond. The court may require an evidentiary hearing. It will then determine whether the information is confidential. If confidential, the court will determine what use, if any, defendant may make of it. The court believes that by virtue of its exclusive jurisdiction over state tax appeals, it can protect confidential information in defendant's possession.

Most taxpayers value their privacy. This is particularly true of business or finances. Yet the public nature of

---

[4] Likewise, if defendant agrees that the information is confidential and is not necessary to its work, it shall return the information to plaintiff without further disclosure to anyone.

government requires that some information become part of the public domain. Whether overheard as we stand at a government counter or recorded in a public hearing, part of our private life becomes public. At the same time, government processes should not damage those whom they are designed to serve. There is no simple formula to balance the competing needs. The court will protect truly vital information. However, there must be some disclosure for defendant to value the properties of an industry. This may not be pleasant to the parties, but it also need not be damaging. As defendant points out, often financial information becomes "stale." While disclosure of stale information may be discomforting, it is not damaging. The determination of which category information falls into can only be made after consideration of specific circumstances and facts. Now, therefore,

IT IS ORDERED that plaintiff's Motion To Quash Subpoena be, and hereby is, denied; and

IT IS FURTHER ORDERED that defendant's Motion For Order Compelling Compliance with Subpoena be, and hereby is, granted subject to the conditions contained above. Plaintiff will furnish the information to defendant in compliance with the subpoena not later than May 31, 1990.