IN THE OREGON TAX COURT

LAMB-WESTON, INC.
*v.*
DEPARTMENT OF REVENUE
(TC 2936)

Richard A. Hayden, Bogle & Gates, Portland, represented plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

On November 8, 1990, the court ordered information be held confidential, subject to conditions specified.

**CARL N. BYERS, Judge.**

This matter first came before the court on plaintiff's Motion To Quash Subpoena. On April 27, 1990, the court ordered plaintiff to produce the information subpoenaed but reserved the issue of confidentiality for later determination. A

hearing was held October 9, 1990, to consider the issue of confidentiality.

▉▉▉▉ Defendant seeks the information under its statutory subpoena powers. The standards of confidentiality under those powers are the same as those applied under court rules of discovery. As this court noted, in its order dated April 27, 1990, defendant's subpoena powers under ORS 305.190 are subject to the court's review under ORS 305.420(5). In that review, the court considers the provisions of ORS 305.430(3):

> "In any case regarding confidential information involving trade secrets or other confidential business records, upon motion of a party to the suit, the court may make such protective orders as may be necessary to protect the confidentiality of such records. In determining whether such protective orders should be issued, the court shall weigh the harm suffered by the disclosing party against any benefit received by the public as a result of the disclosure."

▉▉▉▉ Oregon statutes specifically provide confidentiality to information found in income tax returns (ORS 314.835) and personal property tax returns (ORS 308.290(5)). Information about industrial plants obtained on condition of confidentiality under ORS 308.411 is confidential. (ORS 308.413.) All of the information sought by defendant is similar in nature. Much of it also falls within the definition of "trade secrets," which are exempted from disclosure under the Public Records law. ORS 192.501(2).[1]

Although information may be confidential, the courts recognize the need for some disclosure if a full and fair trial is to be had. Usually, the focus of the courts is on the potential for harm from disclosures. The Oregon Supreme Court touched on this issue in *Dept. of Revenue v. D. R. Johnson Lbr. Co.,* 289 Or 679, 617 P2d 603 (1980). There the department subpoenaed information from the taxpayer to value the taxpayer's property. The court rejected the taxpayer's assertion

---

[1] ORS 192.501(2) defines trade secrets as follows:

" 'Trade secrets,' as used in this section, may include, but are not limited to, any formula, plan, pattern, process, tool, mechanism, compound, procedure, production data, or compilation of information which is not patented, which is known only to certain individuals within an organization and which is used in a business it conducts, having actual or potential commercial value, and which gives its user an opportunity to obtain a business advantage over competitors who do not know or use it."

that disclosure created an unreasonable risk to its business. In reviewing the record, the Supreme Court found "nothing in the record which suggests an actual rather than a hypothetical risk." *Id.* at 685.

Decisions of the federal courts provide examples of how to balance the competing interests. *United States v. Lever Brothers Company,* 193 F Supp 254 (1961), presents a situation similar to that at hand. In that case, the government brought an antitrust action against Lever Brothers. In preparing for trial, the government sought discovery of confidential business information from Procter & Gamble Co. and Colgate-Palmolive Company, two competitors of Lever Brothers. Those competitors objected to discovery because their confidential business information would be disclosed to Lever Brothers during litigation. They claimed that disclosure would injure their competitive position. The government responded that the information was "stale" and too general to be of any help to a competitor. The court recognized that:

> "Procter's concern perhaps stems primarily from the fact that it is not a party to this litigation, and that merely as a third party, it is being asked to disgorge itself of what it considers to be important information." *Id.* at 257.

The court found the need and philosophy behind the discovery rules outweighed the concerns of the parties. In doing so, it distinguished "secret processes or customer lists," traditionally recognized as trade secrets, from commercial information. The court also considered the fact that the information sought was not current but two to three years old.

This background is some help in determining the standards to be applied in this case. Here, the state seeks information from plaintiff to use in valuing the plants of its competitors. Plaintiff, as a third party, is ordered to disclose its confidential information. Here, also, much of the information is two to three years old.

Guided by the language of ORS 305.430(8), the court will use the following three tests in exercising its discretion: (1) it will determine whether the information is confidential, (2) it will determine if disclosure is likely to cause actual harm, and (3) it will weigh the possible harm against the benefit to be received by the public as result of disclosure.

In determining whether plaintiff's information is confidential, the court is at a disadvantage. Apparently some of the information is already in the public domain. Information in the public domain is not confidential and will not be protected. If any of the information is already in the public domain, it is excluded from any of the restrictions of this order.

After examining the documents, the court finds they are confidential. By statute, the employment reports and the Section 338 tax election forms are confidential. The financial statements, unit cost of production, energy usage, lists of fixed assets, and appraisal reports are found to be confidential by reason of plaintiff's handling of such information. Plaintiff limits access to that information to certain employees and treats the information as confidential.

■ Will the disclosure of the information likely cause harm? The court believes that plaintiff's burden is to show that disclosure would cause "clearly defined and very serious injury." *United States v. International Business Machines Corp.,* 67 FRD 40 (1975). The Oregon Supreme Court, in *Dept. of Revenue v. D. R. Johnson Lbr. Co., supra,* appears to apply the same test. In that case, however, the taxpayer did not make the same focused argument plaintiff makes in this case. Here, plaintiff argues that, although information may not be current, it can be used to determine an overall picture or model of the company that can then be updated. The common sense of this argument was at least recognized in *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 529 F Supp 866, 891 (1981).

Whatever harm plaintiff may suffer from disclosure of its confidential information must be weighed against the public benefit. Defendant contends the information is essential to achieve equality and uniformity in taxation of potato processing plants. The limited number of plants in Oregon and their largely private ownership suggests that defendant is correct. It is crucial to the property tax system that property be correctly assessed so all may bear their proportionate share of the tax burden. Moreover, if competition among processors is as keen as plaintiff portrays, it is to their advantage to be accurately assessed. Otherwise, one plant might be under-assessed and thereby gain an unfair advantage over the others.

The court finds that information for the year 1989 and thereafter is confidential. Disclosure of such information would likely cause harm to plaintiff. Defendant may use such information internally for its own purposes in administering the tax laws. Defendant shall not disclose such information to the public. This means that defendant shall not use such information in its administrative hearings or litigation in this court. Defendant may disclose such information only as part of general statistics or in such form that it cannot be identified as plaintiff's information. This determination should impose no hardship on defendant since the primary thrust of defendant's investigation concerns years prior to 1989.

The court finds that information for years prior to 1989 (1985-88) should be given limited confidentiality. It is questionable whether this information, even if disclosed, would be useful to plaintiff's competitors. As defendant points out, after sale of the plants in 1988, plaintiff reorganized and expanded. (*See* Defendant's Brief at 8, Exhibits D and E.) Likewise, the court believes that the variances and changes in information make it difficult to extrapolate for the future.

Although the court believes there is little risk to plaintiff, any risk is on plaintiff, not the court or defendant. Therefore, whatever can be done to avoid disclosure or minimize the risk to plaintiff should be done.

Defendant shall treat the 1985-88 information as limited confidential. It may use this information internally in its work but should not generally disclose it to the public. However, defendant may use such information as it deems necessary in its administrative hearings and litigation. Such information may be used in defendant's appraisal reports, which will become part of the public record. Although this will permit disclosure of some of the information, it is unlikely that defendant will use all of the information in litigation. Consequently, plaintiff's competitors should not be able to form a picture of the whole which can then be updated.

If defendant uses such information in litigation, an adverse party may seek disclosure of the information by discovery requests. In such case, defendant shall assert this protective order as a reason for declining to disclose the information. Defendant shall refer the adverse party to this court. Inasmuch as this court has exclusive jurisdiction of tax

matters within the State of Oregon, it will be in a position to balance the interests and needs of the parties in subsequent litigation. Now, therefore,

IT IS ORDERED that the information furnished to defendant by plaintiff shall be held confidential by defendant and shall be disclosed only in accordance with the terms and conditions set forth above.