# IN THE OREGON TAX COURT

## LAMB-WESTON, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 3160)

Richard A. Hayden, Bogle & Gates, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 12, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's Motion For Order Prohibiting Disclosure Of Confidential Information. The court conducted an evidentiary hearing on the motion and the parties submitted briefs in support of their positions.

## BACKGROUND

Defendant is charged with appraising certain industrial properties for ad valorem taxation. ORS 306.126. It is also

charged with supervising property tax administration generally. ORS 306.115(1). In order to perform its responsibilities, defendant needs information. It is authorized to issue subpoenas and orders to obtain that information. ORS 305.190.

In valuing property there are three traditional approaches: the cost approach, the income approach and the sales comparison approach. Defendant has traditionally relied on the cost approach to value industrial properties. However, this sometimes resulted in overvaluation due to technological changes and shifts in the economy. The defendant recognizes it needs to adjust costs for functional obsolescence resulting from new technologies or designs. Such changes affect the efficiency, number of employees and other aspects of an industrial plant. Defendant also recognizes the need to reflect economic obsolescence resulting from changes in supply and demand, resources, labor contracts, supplies and other factors.

The sale of an industrial plant can be a very valuable source of information in estimating functional and economic obsolescence. However, the defendant needs more than a sale price. Defendant needs to ensure that the price relates to taxable property, as opposed to nontaxable assets. It must be able to verify that the transaction was arm's-length and reflective of market value.

Generally the owner of an industrial plant has no objection to the department receiving needed information. The objection is to disclosure of confidential information to the taxpayer's competitors. For example, if the department obtains information and then uses it in a contested proceeding, the information will become public.

## LAMB-WESTON INFORMATION

Defendant subpoenaed information from plaintiff as a party to a sale of potato processing plants. Plaintiff resisted the subpoena and sought the protection of this court. By order dated April 27, 1990, this court ordered plaintiff to produce the information. *Lamb-Weston, Inc. v. Dept. of Rev.* (*Lamb-Weston I*), 11 OTR 355 (1990). The order included directions to the parties to determine what information may be confidential and required further court consideration. After additional proceedings, the court found the information

for the year 1989 and later confidential. Defendant was not to use or disclose that information in any proceeding. The information pertaining to the years 1985 through 1988 was given only limited confidentiality. Defendant was allowed to use and disclose that information as it deemed necessary in administrative hearings and litigation. *Lamb-Weston, Inc. v. Dept. of Rev. (Lamb-Weston II)*, 11 OTR 448 (1990). Plaintiff did not appeal from that order.

## 1991 LEGISLATION (HOUSE BILL 3050)

Subsequent to this court's decision concerning the information to be disclosed in the Simplot appeal, the 1991 Oregon legislature enacted House Bill 3050. Or Laws 1991, ch 903. A portion of that bill, now codified as ORS 305.192, addresses the problem discussed in *Lamb-Weston II*; ORS 305.192 provides:

"(1) Notwithstanding ORS 192.410 to 192.505 or any other law or rule, any books or papers produced by an owner or any other person with respect to an industrial property, pursuant to an order issued under ORS 305.190(1) in connection with the appraisal or assessment of industrial property, shall be exempt from disclosure by the department. No subpoena or judicial order shall be issued compelling the department or any of its officers or employees to disclose those books or papers.

"(2) Notwithstanding subsection (1) of this section, the department may disclose, subject to any order entered by the department or the court limiting further disclosure, any books or papers, or any part or all of the information contained therein, in an administrative or judicial proceeding involving the value of that industrial property with respect to which the books and papers were produced or any other similar industrial property.

"(3) Before the department discloses information under subsection (2) of this section, it shall notify the owner of the property to which the information relates. The owner shall have 30 days to seek an order from the tax court prohibiting or limiting the department's disclosure of the information. In determining whether to allow disclosure of the information, the court shall consider the need for disclosure and the possible harm to the owner from that disclosure. The decision of the tax court is reviewable by the Supreme Court in the same manner as any other decision of the tax court."

The parties agree that the above-quoted statute applies to this case. Defendant has given plaintiff notice that it intends to disclose information obtained from plaintiff by a court-enforced subpoena to one of plaintiff's competitors. Plaintiff seeks an order from the court prohibiting disclosure to a competitor.

## TESTS TO BE APPLIED

■ The tests applied under ORS 305.192 are not the same tests devised by the court in its earlier decision. *See Lamb-Weston II*, 11 OTR at 450. There the court first determined whether the information was confidential. *Id.* However, under ORS 305.192, the information does not need to be confidential. The statute expressly provides "any" books or papers shall be exempt from disclosure. ORS 305.192(1). Further, although the information is exempt, the department may choose to disclose the information in an administrative or judicial proceeding if that proceeding involves the same or similar industrial property.

■ In applying the statute, the court is directed to "consider the need for disclosure and the possible harm to the owner from that disclosure." ORS 305.192(3). The court views the legislature's use of the word "consider" as directing it to weigh the relative needs of the parties. The "need for disclosure" relates not only to the need of defendant for information to appraise an industrial property but also the need of other taxpayers in defending against assessments.

The "possible harm to the owner" from disclosure entails consideration not only of use of that information by competitors, but also use by unions, suppliers, customers and any others who may impact the operations of an industrial plant. Thus, the court must consider not only the timeliness of the information, but also its relationship to the industrial plant's operations.

## COURT FINDINGS

There are six basic categories of information which defendant intends to disclose. Plaintiff has responded to each category. In some instances plaintiff concedes defendant's need for use and disclosure. The court's ruling follows.

1. *Production Information.* Defendant intends to disclose certain production information concerning plaintiff's unit costs, EEOC reports and energy use statements. Plaintiff's basic argument is, if defendant did not use the information in its appraisal report, it does not need to disclose the information. Also, plaintiff would have defendant disclose *only* the information it used. However, the court does not read the statute as imposing such limitations. Defendant's responsibilities and the nature of appraisal work require accessibility to more than just the information used in an appraisal report. Also, if defendant relies on or uses part of a document or statement in an appeal proceeding, the taxpayer, in that proceeding, is entitled to have the complete statement or document. It would be unfair to a taxpayer to allow the defendant to use partial statements out of context without giving the taxpayer an opportunity to test and examine those statements. Accordingly, defendant should be able to disclose all of the production information.

2. *American Falls Plant — Consilium Appraisal.* It appears to the court that defendant's need for this document falls more into the area of a comforter or security blanket than substantive information. The use of one appraiser's report by another appraiser making an independent appraisal is questionable, with regard to both ethics and appraisal principles. Nevertheless, plaintiff has the burden of proof. It has failed to establish that this document was not considered or relevant to defendant's appraisal.

3. *Offering Memo and Sales Document.* Plaintiff concedes that defendant can use and disclose this information.

4. *Tax Forms and Valuation Research Appraisal.* Plaintiff "reluctantly" agrees that defendant may use and disclose certain portions of this information. Again the court finds that if defendant is going to use and disclose part of this information, it must disclose all of the information.

5. *Financial Statements.* Plaintiff agrees that defendant can use and disclose two 8-K SEC reports but contends defendant does not need the auditor's financial statement. Defendant contends the auditor's financial statement contains the same information as in the 8-K SEC

reports but is more readable. The court agrees with defendant.

6. *Other Listed Documents*. Plaintiff agrees defendant may use the Boardman plant lease/option information and other public domain documents obtained from Golden Valley and ConAgra. However, plaintiff contends defendant should not be able to disclose answers to its subpoena questions and "in camera" documents. The court finds that defendant should be able to use and disclose all of such information.

## CONCLUSION

The information in question pertains only to the years 1985 through 1988. In weighing whether that information should be disclosed, the court finds that the need for information to be disclosed is greater than the potential harm to the owner from that disclosure. The court believes that the combination of the age of the information and the changes which have occurred make it stale. Such information is of little value to a competitor. Now, therefore,

IT IS ORDERED that plaintiff's motion for order prohibiting disclosure of confidential information is denied. Judgment is to be entered in accordance with this order.